In re James O. DOUTHIT, Debtor.

**SANDERSVILLE PRODUCTION
CREDIT ASSOCIATION,
Plaintiff,**

v.

**James O. DOUTHIT, et al., Defendants.**

**Misc. No. 85–6–MAC.
Adv. No. 85–5001.**

United States District Court,
M.D. Georgia,
Macon Division.

Feb. 27, 1985.

Joel D. Burns, Milledgeville, Ga., for plaintiff.

Hubert C. Lovein, Jr., Richard M. Katz, Macon, Ga., for defendants.

OWENS, Chief Judge:

On October 19, 1984, James O. Douthit filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code. Sandersville Production Credit Association (SPCA), a judgment creditor, has commenced this adversary proceeding against the debtor and the partners of the Macon law firm of Anderson, Walker & Reichert. Defendant Anderson, Walker & Reichert has moved for mandatory abstention, voluntary abstention, or withdrawal of the reference with respect to the claims raised in this adversary proceeding.

## FACTUAL ALLEGATIONS

Plaintiff SPCA alleges that the debtor is indebted to plaintiff on four promissory notes. Plaintiff obtained a judgment on these notes on September 19, 1983, in the Superior Court of Bibb County, Georgia. Plaintiff's judgment is for a principal amount of $113,223.18, $4,789.48 in prejudgment interest, $17,701.89 in attorneys fees, plus $233.00 in costs. Plaintiff alleges that it is partially secured and partially unsecured as to this debt. According to plaintiff, plaintiff holds a perfected security interest in certain farm equipment and livestock owned by the debtor. Plaintiff alleges that the debtor wrongfully disposed of certain livestock subject to plaintiff's security interest, and that the debtor received $67,414.40 from that sale. Plaintiff alleges that this conduct by the debtor constitutes "willful and malicious injury by the debtor to ... the property of [plaintiff]," 11 U.S.C.A. § 523(a)(6) (West 1979), and that the debtor should be denied a discharge as to this indebtedness because of such conduct.

In a separate Count, plaintiff alleges that the debtor retained the defendant law firm of Anderson, Walker & Reichert to represent him in the state court action which resulted in the above-described judgment. According to plaintiff, prior to judgment

the debtor voluntarily conveyed to defendant a deed to secure debt in his personal residence as security for defendant's legal fees. Plaintiff alleges that this conveyance was made at a time when the debtor was insolvent, that defendant knew the debtor was insolvent, and that it was made for inadequate or no consideration. Under these circumstances, plaintiff asserts that the conveyance was a fraudulent conveyance under O.C.G.A. § 18–2–22 (1982),[1] and that it is entitled to assert such a claim in this adversary proceeding pursuant to 11 U.S.C.A. § 544(b) (West 1979).[2] Plaintiff requests that the deed be declared null and void, that it be awarded $1.00 in compensatory damages, $20,000.00 in punitive damages, plus attorneys' fees and costs.

## ISSUES RAISED

Defendant Anderson, Walker & Reichert has moved this court to order mandatory abstention under 28 U.S.C.A. § 1334(c)(2) (West Sept. 1984 Supp.), voluntary abstention under 28 U.S.C.A. § 1334(c)(1) (West Sept. 1984 Supp.), or a withdrawal of the reference pursuant to 28 U.S.C.A. § 157 (West Sept. 1984 Supp.). The partnership

1. O.C.G.A. § 18–2–22 (1982) provides:
   The following acts by debtors shall be fraudulent in law against creditors and others and as to them shall be null and void:
   (1) Every assignment or transfer by a debtor, insolvent at the time, of real or personal property or choses in action of any description to any person, either in trust or for the benefit of or on behalf of creditors, where any trust or benefit is reserved to the assignor or any person for him;
   (2) Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment and execution, or contract of any description had or made with intention to delay or defraud creditors, where such intention is known to the taking party; a bona fide transaction on a valuable consideration, where the taking party is without notice or ground for reasonable suspicion of said intent of the creditor, shall be valid; and
   (3) Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor who is insolvent at the time of the conveyance.

2. Section 544(b) provides:
   (b) The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is void-

argues that, under § 544(b), the fraudulent conveyance claim can be asserted only by the trustee, not a creditor such as the plaintiff (citing, *e.g.*, *In the matter of Milam*, 37 B.R. 865, 867 (Bankr.N.D.Ga.1984)), that the claim is therefore based solely upon state law and is only "related to" (as opposed to "arising under") the pending bankruptcy action, and that no independent basis for federal jurisdiction exists. The plaintiff responds by arguing that it is authorized to pursue the fraudulent conveyance claim under § 544(b), *citing In re Rego Crescent Corp.*, 23 B.R. 958 (E.D.N.Y.1982), and, alternatively, that the bankruptcy court should consider the fraudulent conveyance claim because it is a "core proceeding" under 28 U.S.C.A. § 157(b)(2)(H) (West Sept. 1984 Supp.).[3]

## CONCLUSIONS OF LAW

■ At the outset, the court notes that plaintiff's Count II, *i.e.*, the claim under § 523(a)(6) regarding the alleged wrongful disposition of collateral, is certainly a core proceeding which should be resolved by the bankruptcy court. 28 U.S.C.A.

able under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

3. Section 157(b)(2)(H) provides:
   (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.
   (2) Core proceedings include, but are not limited to—
   　　*　　*　　*　　*　　*　　*
   (H) proceedings to determine, avoid or recover fraudulent conveyances;
   While this section does establish jurisdiction to consider a claim alleging a fraudulent conveyance, it does not seem to address the question of who may assert it. As noted in the text of this order, *infra*, the bankruptcy court is the appropriate forum to determine if this claim has been properly presented by the plaintiff.

§ 157(b)(2)(I) (West Sept. 1984 Supp.).[4] The defendant law firm is not accused of any wrongdoing in this Count, and the court does not perceive the partnership's pending motion to be addressed to that Count. Accordingly, this court hereby confirms the reference to the bankruptcy court of Count II of the instant adversary proceeding.

■ With respect to Count I, the fraudulent conveyance claim, the court views the issues presented by that claim somewhat differently than as cast by the parties. It appears to the court that this claim essentially amounts to a priority dispute between two creditors over the same property of the estate.[5] The property at issue is subject to three liens. First, there is the lien of the mortgage lender. Second is defendant's lien taken as security for its legal fees. Finally, there is plaintiff's judgment lien, which is last in priority based upon time of filing. If the first two liens are valid, there would be little or no equity in the property above the debtor's lawful exemptions; the trustee is therefore likely to abandon the property pursuant to 11 U.S.C.A. § 554 (West 1979). Plaintiff naturally seeks to have defendant's lien declared invalid, thereby preserving the property for its claim.

Obviously, a priority dispute between two creditors is a classic "core proceeding" to be resolved by the bankruptcy court. 28 U.S.C.A. § 157(b)(2)(K) (West Sept. 1984

Supp.).[6] The bankruptcy court certainly is authorized to decide whether § 544(b) is the appropriate vehicle for plaintiff to assert its claim, and, assuming the claim is properly presented, to inquire into the factual circumstances regarding the disputed deed to secure debt, as well as to adjudicate the issue of whether that lien was fraudulently procured or is otherwise invalid. Accordingly, because the issue if properly presented will constitute a core proceeding under § 157(b)(2)(K), defendant's motion to abstain or withdraw the reference is DENIED, insofar as the bankruptcy court is authorized to make a factual inquiry into the conveyance at issue and to rule upon its validity and the priorities between the parties.

■ However, with respect to the plaintiff's claim for damages, both compensatory and punitive, as well as its request for attorneys' fees and costs, the court is presently unwilling to agree that the bankruptcy court is the appropriate forum to consider such claims. As a preliminary matter, this court fails to perceive any possible basis for the recovery of damages in this case. However, even if plaintiff's claim for damages has some possible merit, plaintiff has failed to cite any authority which vests a bankruptcy court with jurisdiction to consider such claims. This is not a claim for damages *by a debtor* which arguably could constitute property of the estate under 11

---

**4.** Section 157(b)(2)(I) provides:

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

(2) Core proceedings include, but are not limited to—

\* \* \* \* \* \*

(1) determinations as to the dischargeability of particular debts;

**5.** The real estate subject to the deed to secure debt has been listed on the debtor's schedule of assets. While the defendant law firm has not filed a proof of claim on its deed, the court understands that such a filing is unnecessary to protect the defendant's interests, as defendant's

lien was noted in the schedule of assets. See Rule 3002(a), Bankruptcy Rules. Because the trustee is likely to abandon this property absent a declaration of the deed's invalidity, defendant in effect stands as a claimant to this property.

**6.** Section 157(b)(2)(K) provides:

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

(2) Core proceedings include, but are not limited to—

\* \* \* \* \* \*

(K) determinations of the validity, extent, or priority of liens;

U.S.C.A. § 541 (West 1979). Instead, plaintiff apparently relies upon a "pendent jurisdiction" theory to support its claim for nonbankruptcy law relief against another creditor of the debtor.

Where a creditor such as plaintiff has been injured by fraudulent or other willful misconduct by the debtor, the appropriate remedy under bankruptcy law as to the debtor is an exception to or a denial of a discharge. 11 U.S.C.A. §§ 523, 727 (West 1979). As to another creditor which may have willfully participated in the misconduct, the appropriate remedy under bankruptcy law is an adjudication of the relative priorities between the wrongdoer and the other, innocent creditors. While an injured creditor may have additional remedies under state law, it is not clear whether a bankruptcy court, as opposed to a state court, is the proper forum for the consideration of such remedies.

Accordingly, this court hereby orders the bankruptcy court presently to ABSTAIN from considering any claim by the plaintiff for damages, attorneys' fees, or costs. 28 U.S.C.A. § 1334(c)(1) (West Sept. 1984 Supp.).[7] If and when the plaintiff obtains a ruling from the bankruptcy court invalidating the contested deed to secure debt on the ground of fraud, the court will then entertain a motion by the plaintiff as to whether, under the totality of the circumstances, the plaintiff may possess any possible claim for damages, and whether the bankruptcy court would be authorized to consider same.

---

**7.** Contrary to defendant's suggestion, mandatory abstention is not required, as there is presently no pending state court action involving these issues. Title 28 U.S.C.A. § 1334(c)(2) (West Sept. 1984 Supp.) provides for mandatory abstention only *"if an action is commenced,* and can be timely adjudicated, in a State forum of appropriate jurisdiction." *Id.* (emphasis added).