**In re Billy H. HARBOUR, Debtor.**

**Donald W. HUFFMAN, Trustee, and Bluefield Holding Company, Plaintiffs,**

**v.**

**Diana M. PERKINSON and Frank N. Perkinson, Jr., t/a Perkinson & Perkinson, a Partnership, Defendants.**

Bankruptcy No. 683–00498.
Adv. No. 684–0013.
Civ. A. No. 85–0042–R.

United States District Court,
W.D. Virginia,
Lynchburg Division.

Aug. 27, 1985.

See also, D.C., 59 B.R. 319.

## MEMORANDUM OPINION

KISER, District Judge.

The Defendants move this Court pursuant to 28 U.S.C. § 1334(c)(1) and (2) to abstain from hearing the above-referenced case and to defer the matters involved to the state court for a jury trial on the issues. This motion has been fully argued and briefed and is now ripe for disposition.

Briefly, the Plaintiff, Donald Huffman, Trustee in Bankruptcy for the estate of Billy H. Harbour, filed these actions seeking to recover various sums of money allegedly conveyed by Harbour to the Perkinson & Perkinson law firm for the provision of legal services. Huffman alleges that those transactions were voluntary transfers of funds, preferences and amounted to fraudulent conveyances inasmuch as Harbour was insolvent at the time of the transfers. Huffman bases his legal support on 11 U.S.C. § 547 and § 548 and on *Va.Code* § 55–81, 1950, as amended.

The Defendants severally have filed motions to abstain pursuant to 28 U.S.C. § 1334(c)(1) and (2) and motions for jury trial. The substance of their position is that the charges raised by the Trustee involved essentially state causes of action and, as such, should be resolved in a state court proceeding.

The section of the U.S.Code which addresses the abstention of United States District and Bankruptcy Courts in favor of state court action is found in 28 U.S.C. § 1334(c)(1) and (2). Subpart (c)(2) mandates abstention and states:

> Upon timely motion of a party in a proceeding based upon a state law claim or state law cause of action, related to a case under Title 11 but not arising under Title 11 or arising in a case under Title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction of under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

This section applies in cases involving state law claims which are related to a case under Title 11, but not arising under Title 11 or arising in a case under Title 11. As such, it does not apply to core proceedings. Commentators suggest that it will most likely be used in cases where actions are filed by the estate representative against third parties based upon causes of action owned and commenced by the debtor at the time of the commencement of the case under Title 11. Collier's, ¶ 3.01[3][b], p. 3–46.

Subpart (c)(1) is the discretionary abstention provision which states:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for state law, from abstaining from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11.

■ This section merely gives the district court the discretion to abstain if abstention is in the interest of justice or in the interest of comity with state courts. It does give courts power to abstain from hearing civil proceedings arising under Title 11 or arising in or related to cases under Title 11; therefore, in contrast to (c)(2), it does have applicability to core proceedings as well as related matters. Thus, the discretion to abstain in (c)(1) is broader than the mandate to abstain created by (c)(2). Collier's, § 3.01[3][a], p. 3–44. Before determining the applicability of these sections to the present motion, it is imperative to categorize these proceedings.

■ The Trustee's two suits are basically actions to recover what are allegedly fraudulent conveyances, voluntary transfers and preferences that were granted by the debtor to the Perkinsons. These kinds of actions are deemed core proceedings

over which the bankruptcy courts may exercise jurisdiction.

> (2) Core proceedings include, but are not limited to—...
>> (E) orders to turn over property of the estate;
>> (F) proceedings to determine, avoid, or recover preferences;
>
> .    .    .    .    .
>
>> (H) proceedings to determine, avoid, or recover fraudulent conveyances.

28 U.S.C. § 157(b)(2).

"Core proceedings, ... are those which arise in Title 11 cases or arise under Title 11." Collier, ¶ 3.01[2][b][ii], p. 3–25.

The *United States Code* states that:

> [A] determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be effected by state law.

28 U.S.C. § 157(b)(3).

█ The mere fact that a proceeding may involve some question or aspect of state law does not necessarily mean that it is not a core proceeding. Rather, this is a matter to be decided by the court. Considering the definitions above, I believe that the substance of these lawsuits are core proceedings as defined in 28 U.S.C. § 157(b)(2). As such, they would be considered cases "arising under Title 11 or arising in a case under Title 11." 28 U.S.C. § 157(b)(1). Since they are core proceedings, the mandatory abstention section, 28 U.S.C. § 1334(c)(2), would be inapplicable. However, as previously noted, the discretionary abstention section of 28 U.S.C. § 1334(c)(1) applies to core proceedings as well. While I have concluded that the matters involved in this case are core proceedings, it is still within my discretion to abstain in this matter. Considering the nature of these actions and the fact that they are core proceedings, I am of the belief that these are equitable actions which should remain within the Bankruptcy Court for resolution.