In re Billy H. HARBOUR, Debtor.

Donald W. HUFFMAN, Trustee For Billy H. Harbour, Plaintiff,

v.

James M. BRANDON, et al., Defendants.

In re Billy H. HARBOUR, Debtor.

Donald W. HUFFMAN, Trustee for Billy H. Harbour, Plaintiff,

v.

COMMERCE SECURITY CORPORA-TION and Vivian S. Brandon, Defendants and Third-Party Plaintiffs,

v.

James M. BRANDON and Mary Eddy, Third-Party Defendants.

Bankruptcy No. 683–00498–L.

Civ. A. Nos. 85–0112–L, 85–0104–L.

United States District Court,
W.D. Virginia,
Lynchburg Division.

Feb. 7, 1986.

Robert W. Goodlatte, Bird, Kinder & Huffman, Roanoke, Va., Helen P. Parrish, Robert M. Musselman, Charlottesville, Va., for debtor.

Donald W. Huffman, Roanoke, Va., trustee.

Donald W. Huffman and Robert W. Goodlatte, Bird, Kinder & Huffman, Roanoke, Va., for plaintiff.

Alexander W. Bell, Bell, Morrison & Spies, Lynchburg, Va., for defendants Kylene Brandon and D. Kylene, Inc.

Sidney H. Kirstein, McRorie, Kirstein, McMahon & Gay, Lynchburg, Va., for defendants James Brandon, Florida Audio-Video Co., Brandon Productions, Southeast Inv. Ind., Atlas Co.

W. Alan Smith, Jr., Lynchburg, Va., for Commerce Sec. Corp. and defendant Vivian Brandon.

Stephen Finta, Ft. Lauderdale, Fla., for James Brandon.

## MEMORANDUM OPINION

KISER, District Judge.

Before the Court are a trustee-in-bankruptcy's motions to re-refer two adversary proceedings to the Bankruptcy Court. I find that these adversary proceedings are "core proceedings" within the meaning of 28 U.S.C. § 157(b)(2) and as such are equitable in nature not giving rise to a constitutional right to a jury trial. I, therefore, shall grant the Trustee's motions and remand these actions to the Bankruptcy Court for a resolution on the merits of the claims.

### I. *Huffman v. Brandon* (85–0112–L)

This bankruptcy case dates back to 1982. On February 11 of that year, Billy H. Harbour ("Debtor") was placed in involuntary bankruptcy by his creditors. On March 11, 1982, the United States Bankruptcy Court for the Western District of Virginia placed Harbour in a Chapter 11 reorganization as a debtor-in-possession of his assets. The court appointed Donald W. Huffman as Trustee in bankruptcy for Harbour on February 8, 1983. On September 13, 1983, the court converted the bankruptcy from a Chapter 11 reorganization to a Chapter 7 liquidation.

On February 7, 1985, Trustee Huffman ("Plaintiff") initiated an adversary proceeding to recover assets Harbour transferred before he was placed in bankruptcy. In his Complaint, Huffman named as Defendants two of Harbour's alleged personal friends, James M. Brandon and D. Kylene Barker Brandon. Huffman also named as Defendants four Florida corporations owned and operated by James M. Brandon, Florida Audio-Video Corporation, Inc. (voluntarily dissolved on April 27, 1982), Brandon Productions, Inc. (involuntarily dissolved on November 10, 1983), Southeast Investment Industries, Inc. (involuntarily dissolved on November 10, 1983), and Atlas Company. Huffman also named as a Defendant one Florida corporation owned and operated by D. Kylene Barker Brandon, D. Kylene, Inc.

In Count I of the Complaint, Huffman requested the Bankruptcy Court to set aside transfers of money by Harbour totaling $353,667.00 (or, in the alternative, to award judgment in that amount) pursuant to 11 U.S.C. § 543 ("turnover of property by a custodian"), 11 U.S.C. § 547 ("prefer-

ences"), 11 U.S.C. § 548 ("fraudulent transfers and obligations"), and *Va.Code* § 55–81 ("voluntary gifts, etc., void as to prior creditors"). In Count III of the Complaint, Huffman requested the Bankruptcy Court to set aside the transfers of Krugerrand gold coins by Harbour valued at $40,000.00 (or, in the alternative, to award judgment in that amount) because the transfers also violated 11 U.S.C. § 543, 11 U.S.C. § 547, 11 U.S.C. § 548, and *Va.Code* § 55–81. In Count II of the Complaint, Huffman requested the Bankruptcy Court to set aside the transfers of money by Harbour totaling $74,345.68 (or in the alternative, to award judgment in that amount) based solely on *Va.Code* § 55–81.

On June 11, 1985, Defendants D. Kylene Barker Brandon and D. Kylene, Inc. filed a motion in this United States District Court to withdraw the reference to the Bankruptcy Court. In this motion, the Defendants contended that the Bankruptcy Court lacks the power to "hear and determine" the claims based on *Va.Code* § 55–81. The Defendants argued that these state law claims are not "core proceedings" [as defined by 28 U.S.C. § 157(b)(2) ] "arising under title 11" or "arising in a case under title 11", but are proceedings that are merely "otherwise related to a case under title 11." In the motion, the Defendants also contended that their right to a jury trial would be abridged if this Court refused to withdraw the reference because the Bankruptcy Court is prohibited from conducting jury trials based on *In re Proehl*, 36 B.R. 86 (W.D.Va.1984).

The Trustee did not oppose the Defendants' motion at this time, and on July 2, 1985, this Court granted the Defendants' motion to withdraw the reference to the Bankruptcy Court. Subsequently, on October 7, 1985, Trustee Huffman moved the Court to re-refer this case to the Bankruptcy Court. In his motion, Huffman contends that the Bankruptcy Court is the logical forum in which to resolve these disputes because he is seeking to recover assets of the Debtor under the bankruptcy laws of the United States. Huffman also suggests that re-referral of these proceedings to the Bankruptcy Court is in the interests of judicial economy in light of this Court's August 27, 1985 decision in another adversary proceeding involving Debtor Billy Harbour, *Huffman v. Perkinson*, 60 B.R. 370 (W.D.Va.1985). In *Perkinson*, Huffman initiated an adversary proceeding pursuant to 11 U.S.C. § 547, 11 U.S.C. § 548, and *Va. Code* § 55–81, to recover sums of money allegedly conveyed by the Debtor to the Defendant law firm. The Defendants moved this Court pursuant to 28 U.S.C. § 1334(c)(1) and (2) to abstain from hearing the adversary proceeding and to refer the matters involved to the state court for a jury trial on the issues. I held that the claims were "core proceedings", equitable in nature, and remanded the action to the Bankruptcy Court for further resolution. The Defendants in *Perkinson* appealed this decision to the United States Court of Appeals for the Fourth Circuit, where it remains pending.

## II. *Huffman v. Commerce Security Corporation* (85–0104–L)

In this adversary proceeding, Trustee Huffman also seeks to recover assets Harbour transferred before he was placed in bankruptcy. Huffman filed this adversary proceeding in the United States Bankruptcy Court on January 8, 1985 against Commerce Security Corporation, a Virginia corporation, and its President, Vivian S. Brandon. Vivian S. Brandon subsequently brought in as Third-Party Defendants her son, James M. Brandon, one of the principal Defendants in *Huffman v. Brandon* discussed above, and his secretary, Mary Eddy. In his Amended Complaint (dated February 7, 1985), Huffman requested the Bankruptcy Court to award judgment in the amount of $213,930 pursuant to *Va. Code* § 55–81 ("voluntary gifts, etc., void as to prior creditors") and *Va.Code* § 55–82 ("creditors suits to avoid such gifts, etc.") in Counts I through VI, and pursuant to 11 U.S.C. § 547 ("preferences") and 11 U.S.C. § 548 ("fraudulent transfers and obligations") in Count VI.

On June 12, 1985, Defendants Commerce Security Corporation and Vivian S. Brandon filed a motion in this United States District Court to withdraw the reference to the Bankruptcy Court. In this motion, the Defendants contended, as the Defendants contended in *Huffman v. Brandon*, that the claims based on state law are "related to" the case but not "core proceedings" and that, therefore, the Bankruptcy Court lacks the power to hear and determine them. In the motion, the Defendants also contended that they are entitled to a jury trial on the issues. At that time, Trustee Huffman did not oppose the motion, and this Court granted the Defendants' motion to withdraw the reference on June 19, 1985. Subsequently, however, on September 30, 1985, Huffman moved the Court to re-refer this case to the Bankruptcy Court for the same reasons stated above in *Huffman v. Brandon*.

### III. *Discussion*

Two issues are involved in these adversary proceedings: (1) the scope of the Bankruptcy Court's power to hear and determine bankruptcy proceedings (jurisdiction), and (2) the scope of the right to a jury trial (in Bankruptcy Court and in District Court) in bankruptcy proceedings. I shall address them in this order. The first issue involves an interpretation of the Bankruptcy Amendments and Federal Judgeship Act of 1984. The 1984 Amendments became effective on July 10, 1984 and apply to all cases then pending, with the exception of the provisions relating to mandatory abstention, 28 U.S.C. § 1334(c)(2), and the right to a jury trial, 28 U.S.C. § 1411(a).

### A. *Jurisdiction*

Under 28 U.S.C. § 157(a) of the 1984 Amendments, the United States District Court may refer to the Bankruptcy Court all cases under Title 11, and all proceedings (1) "arising under" Title 11, (2) "arising in" a case under Title 11, and (3) "related to" a case under Title 11. The filing of a petition for relief constitutes commencement of the Title 11 "case". 1 *Collier on Bankruptcy* ¶ 3.01, p. 3–20 (15th Ed.1985). The "pro-

ceedings" are all of the contested matters which occur in the unfolding of the bankruptcy "case." *Id.*

Upon referral to the Bankruptcy Court under § 157(a), the Bankruptcy Judge has the power to "hear and determine" all cases under Title 11 and all "core proceedings" (1) arising under Title 11 or (2) arising in a case under Title 11. 28 U.S.C. § 157(b)(1). In contrast, the Bankruptcy Judge generally has only the power to "hear" proceedings which are merely "related to" the Title 11 case. 28 U.S.C. § 157(c)(1). In such "related to" proceedings, the 1984 Amendments provide that:

> [T]he bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo these matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1).

It is only with the consent of the parties that a Bankruptcy Judge can hear and determine (and enter appropriate orders and judgments) a related to proceeding. 28 U.S.C. § 157(c)(2). The distinction Congress made between what a Bankruptcy Judge may "hear and determine" and just "hear" was no doubt in response to the constitutional infirmities of the Bankruptcy Reform Act of 1978 the United States Supreme Court found in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

The scope of the Bankruptcy Judge's power, therefore, depends upon the nature of the bankruptcy proceeding, i.e. whether it is a "core proceeding". In 28 U.S.C. § 157(b)(2) of the 1984 Amendments, Congress listed fifteen examples of what it considered to be core proceedings. The list is not exclusive. Four of the fifteen examples are relevant to the resolution of the disputes presently before this Court: section 157(b)(2)(E) ("order to turn over property of the estate"); section 157(b)(2)(F)

("proceedings to determine, avoid or recover preferences"); section 157(b)(2)(H) ("proceedings to determine, avoid or recover fraudulent conveyances"); and section 157(b)(2)(O) ("other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims").

■ In Counts I and III of Huffman's Complaint against Defendants Brandon, et al, Huffman requests the Court to set aside the Debtor's alleged transfer of funds and gold coins pursuant to 11 U.S.C. § 543 ("turnover of property by a custodian"), 11 U.S.C. § 547 ("preferences"), and 11 U.S.C. § 548 ("fraudulent transfers and obligations"). In Count VI of Huffman's Complaint against Defendants Commerce Security Corporation, et al, Huffman requests the Court to award judgment pursuant to 11 U.S.C. § 547 and 11 U.S.C. § 548. In my view, each of these claims constitutes a "core proceeding." The claims under 11 U.S.C. § 543 are core proceedings as defined in 28 U.S.C. § 157(b)(2)(F). The claims under 11 U.S.C. § 547 are core proceedings as defined in 28 U.S.C. § 157(b)(2)(F). The claims under 11 U.S.C. § 548 are core proceedings as defined in 28 U.S.C. § 157(b)(2)(H).

My determination that the claims based on 11 U.S.C. §§ 543, 547, and 548 are core proceedings is reinforced by a reading of Collier. According to Collier, "core proceedings ... are those which arise in title 11 cases or arise under title 11." 1 *Collier on Bankruptcy* at 3–26. A civil proceeding is one "arising under" title 11 "when a cause of action ... is created by title 11." *Id.* at 3–22. It is clear here that sections 543, 547, and 548 are causes of action created by Title 11. As such they are core proceedings arising under Title 11. Because they are core proceedings, the Bankruptcy Judge has full power to hear and determine them pursuant to 28 U.S.C. § 157(b)(1), upon the District Court's referring these actions to it.

Whether the Bankruptcy Judge has the power to hear and determine Huffman's claims based on state law is a more difficult issue. In Huffman's Complaint against the Defendants in *Brandon,* he seeks to set aside the Debtor's alleged transfer of funds pursuant to *Va.Code* § 55–81 ("voluntary gifts, etc., void as to prior creditors"). In Huffman's Complaint against the Defendants in *Commerce Security Corporation,* he requests the Court to award judgment pursuant to *Va.Code* § 55–81 and *Va.Code* § 55–82 ("creditor's suits to avoid such gifts, etc.). The scope of the Bankruptcy Judge's power to determine these claims turns on whether the claims constitute core proceedings "arising in" a case under Title 11, or whether the claims are merely proceedings "related to" a case under Title 11 because "[c]ivil proceedings which are 'related to' Title 11 cases by definition are not core proceedings." 1 *Collier on Bankruptcy* at 3–27. The 1984 Amendments suggest that claims based on state law are not necessarily to be excluded from "core" treatment. *See* 28 U.S.C. § 157(b)(3).

My determination of whether Huffman's state law claims are non-core "related" proceedings is guided by the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). In *Marathon,* the debtor (Northern Pipeline) filed an adversary proceeding against Marathon seeking damages for an alleged breach of contract. The judgment of the Court was that "the new bankruptcy judges cannot constitutionally be vested with jurisdiction to decide this state law contract claim against Marathon." 458 U.S. at 87 n. 40, 102 S.Ct. at 2880 n. 40. As the United States Court of Appeals for the Fourth Circuit has stated, however, the "kernel principle" of *Marathon* was that enunciated by Chief Justice Burger in his dissent. *1616 Reminc Limited Partnership v. Atchison & Keller,* 704 F.2d 1313, 1318 n. 15 (4th Cir.1983). Justice Burger stated in *Marathon* that:

[T]he Court's holding is limited to the proposition ... that a 'traditional' state

common-law action, not made subject to a federal rule of decision, and related only peripherally to an adjudication of bankruptcy under federal law, must, absent the consent of the litigants, be heard by an 'Art. III court' if it is to be heard by any court or agency of the United States.

*Marathon,* 458 U.S. at 92, 102 S.Ct. at 2882 (dissenting opinion of Burger, C.J.).

A subsequent Supreme Court decision has confirmed that Justice Burger's narrow interpretation of the Court's judgment in *Marathon* is the correct one. *See Thomas v. Union Carbide Agricultural Products Co.,* — U.S. ——, 105 S.Ct. 3325, 3334–35, 87 L.Ed.2d 409 (1985) (*Marathon* "establishes only that Congress may not vest in a non-Article III court the power to adjudicate, render final judgment, and issue binding orders in a traditional contract action arising under state law, without the consent of the litigants, and subject only to ordinary appellate review").

The contract claim in *Marathon* no doubt served as a model for the "related to" proceedings over which bankruptcy courts now exercise only limited jurisdiction under the 1984 Amendments. It has also served as a model for the courts. *See, e.g., In re Environmental Research & Development, Inc.,* 46 B.R. 774, 779 (S.D.N.Y.1985) (trustee's malpractice action against two law firms allegedly involved in the transfer of the debtor's assets was a "related" proceeding); *In re Morse Electric Company, Inc.,* 47 B.R. 234, 237 (Bkrtcy.N.D.Ind. 1985) (debtor's allegations of breach of contract, bad faith injury to its business, and negligence were "related" proceedings); *In re Bokum Resources Corp.,* 49 B.R. 854, 866 (Bkrtcy.N.M.1985) (breach of contract and tortious interference issues were only "related" to the bankruptcy case).

■ In my view, Huffman's state law voluntary conveyance claims are clearly distinguishable from the contract claims in *Marathon* because Huffman's claims are part and parcel of the bankruptcy claims, not just "peripherally" related. Huffman's voluntary conveyance claims are, therefore,

not "related" claims, but core proceedings under 28 U.S.C.A. § 157(b)(2)(O). Because they are core proceedings, the Bankruptcy Judge has full power to hear and determine them pursuant to 28 U.S.C. § 157(b)(1).

### B. *Right to Jury Trial*

Having determined that the actions involved here constitute core proceedings, I must now determine whether the Defendants have a right to a jury trial, as they contend they do. I shall evaluate the Defendants' demand for a jury trial in light of applicable statutory and constitutional requirements.

■ As a preliminary matter, I find that even if the Defendants are entitled to a jury trial, the jury trial must be conducted in the district court, not the bankruptcy court. In my view, the jury trial provisions of the "Emergency" Rules of the Judicial Council of the Fourth Circuit, adopted by the Western District of Virginia, are controlling and Rule (d)(1)(D) of these rules expressly prohibits bankruptcy judges from conducting jury trials (the jury trial provisions of 28 U.S.C. § 1411(a) of the 1984 Amendments are inapplicable to bankruptcy cases pending on July 10, 1984). My conclusion that the Bankruptcy Court would not have the power to conduct a jury trial in these proceedings is not altered by Bankruptcy Rule 9015, which provides that "[i]ssues triable of right by jury shall, if timely demanded, be by jury." *See In re Proehl,* 36 B.R. 86, 88 n. 6 (W.D.Va.1984). In my view, the function of Bankruptcy Rule 9015 is to merely implement a statutorily or constitutionally conferred right to a jury trial if one exists (in either the Bankruptcy Court or the District Court); Bankruptcy Rule 9015 does not create an independent right to a jury trial. My interpretation of this rule is reinforced by the advisory committee notes to Rule 9015, which refer the reader to the statutory jury trial provisions.

I next determine whether the Defendants have a statutory right to a jury trial in this District Court. Because the bankruptcy

case from which these present disputes arose was pending on July 10, 1984, the jury trial provisions of the 1984 Amendments, 28 U.S.C. § 1411(a), are inapplicable. The jury trial provisions of the Emergency Rules are also inapplicable because they deal solely with the right to a jury trial in the bankruptcy courts. Whether the jury trial provisions of the 1978 Act are still valid insofar as they pertain to the district courts is unclear, but this determination does not affect my ultimate decision. Section 1480(a) of Title 28 of the 1978 Act merely preserved the right to trial by jury that existed prior to the enactment of the 1978 bankruptcy code. Because it does not appear that any of the statutes upon which Huffman bases his claims have ever independently conferred a right to trial by jury, the determination of whether the Defendants in the disputes presently before the Court are entitled to a jury trial is solely a constitutional one. It is to this constitutional determination that I now turn.

The Seventh Amendment to the Constitution provides that: "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." Whether a party is entitled to a jury trial depends on whether the issue before the Court is "legal" or "equitable". *Parsons v. Bedford*, 28 U.S. (3 Pet.) 433, 446–47, 7 L.Ed. 732 (1830); *Curtis v. Loether*, 415 U.S. 189, 192–93, 94 S.Ct. 1005, 1007–08, 39 L.Ed.2d 260 (1974).

In *Katchen v. Landy*, the United States Supreme Court held in a voidable preference action that "the proceedings of bankruptcy courts are inherently proceedings in equity [therefore] there is no Seventh Amendment right to a jury trial." 382 U.S. 323, 336–37, 86 S.Ct. 467, 476–77, 15 L.Ed.2d 391 (1966). The Court stated that it had "long recognized that a chief purpose of the bankruptcy laws is 'to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period', [*quoting Ex parte Christy*, 44 U.S. (3 How.) 292, 312, 11 L.Ed. 603 (1845)] and that provision for

summary disposition 'without regard to the usual modes of trial attended by some necessary delay' is one of the means chosen by Congress to effectuate that purpose' [*quoting Bailey v. Glover*, 88 U.S. (21 Wall.) 342, 346, 22 L.Ed. 636 (1874)]". 382 U.S. at 328–29. The Court noted that "although [the petitioner] might be entitled to a jury trial on the issue of preference if he presented no claim in the bankruptcy proceeding and awaited a federal plenary action by the trustee ... when the same issue arises as part of the process of allowance and disallowance of claims, it is triable in equity." *Id.*, 382 U.S. at 336, 86 S.Ct. at 476. The Court reasoned that the petitioner's Seventh Amendment right to a jury trial had not been violated because:

> [I]n cases of bankruptcy, many incidental questions arise in the course of administering the bankrupt estate, which would ordinarily be pure cases at law, and in respect of their facts triable by jury, but, as belonging to the bankruptcy proceedings, they become cases over which the bankruptcy court, which acts as a court of equity, exercises exclusive control.

*Id.* at 337, 86 S.Ct. at 477, *quoting Barton v. Barbour*, 14 Otto 126, 134, 104 U.S. 126, 134, 26 L.Ed. 672 (1881).

In *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), the Supreme Court again emphasized the distinctive nature of bankruptcy proceedings. The Court stated that "in an ordinary civil action in the district courts, where there is obviously no functional justification for denying the jury trial right, a jury trial must be available if the action involves rights and remedies of the sort typically enforced in an action at law," *Id.* at 195, 94 S.Ct. at 1009. At issue in *Curtis v. Loether* was whether the Seventh Amendment required a jury trial in an action for damages and injunctive relief under Title VIII of the Civil Rights Act of 1964. The Court held that the Constitution did require a jury trial under this statute. *Id.* at 194, 94 S.Ct. at 1008, but in doing so distinguished administrative and bankruptcy proceedings involving complex statutory schemes from

"ordinary civil actions." Characterizing the Bankruptcy Court as a "specialized court of equity", the Court stated that as such it was "free from the strictures of the Seventh Amendment." *Id.* at 195, 94 S.Ct. at 1009.

 I have already determined that the disputes presently before this Court constitute core proceedings. Collier suggests that core proceedings are *per se* equitable in light of *Katchen v. Landy* and do not give rise to a constitutional right to a jury trial. 1 *Collier on Bankruptcy* at 3–63 to 3–64. His view is reinforced by Norton. W.L. Norton, Jr. and R. Lieb, "Jurisdiction and Procedure under the 1984 Bankruptcy Amendments", 1985 *Ann.Surv.Bankr.L.* 53, 164. These respected commentators may well be correct, but I need not ground my holding on such a broad assertion; I hold only that the Defendants are not entitled to a jury trial because of the equitable nature of these particular proceedings under these particular sets of facts. The adversary proceedings at issue here involve essentially an effort by the Trustee to set aside a number of the Debtor's allegedly improper transfers. Although the Trustee seeks both legal and equitable relief, the overall nature of the actions is equitable and as such the Defendants are not entitled to a jury trial. I, therefore, shall remand these proceedings to the Bankruptcy Court for a resolution of the merits of the claims.