**In re James & Rosa COSSETT, Debtors.**

**Bankruptcy No. 3–84–02054.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

March 11, 1987.

Jerome Strozdas, Springfield, Ohio, for M & M.

James & Rosa Cossett, debtors pro se.

George W. Ledford, Englewood, Ohio, Trustee.

## SUBMISSION OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW TO DISTRICT COURT REGARDING MOTION OF MERCHANTS AND MECHANICS FEDERAL SAVINGS AND LOAN ASSOCIATION FOR MANDATORY ABSTENTION

WILLIAM A. CLARK, Bankruptcy Judge.

### PROCEDURAL POSTURE

Before the court is a motion of Merchants and Mechanics Federal Savings and Loan Association (M & M) requesting the court to abstain from determining the extent of M & M's interest in certain funds—derived from a supersedeas bond posted by the debtors in a state court action—currently held by the chapter 7 trustee, George Ledford. M & M has filed this motion pursuant to the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2). (No request was made for permissive abstention.) The statute speaks of abstention by the *district court*. Unless otherwise directed by the district court, it is this court's opinion that its involvement herein should be restricted to the submission of proposed findings of fact and conclusions of law to the district court. This procedure appears justified because of the constitutional concerns surrounding the enactment of 28 U.S.C. § 1334 as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984 and the fact that any decision to abstain under § 1334(c)(2) is not reviewable by appeal or otherwise.

The hearing on the motion consisted of oral arguments by the chapter 7 trustee and counsel for M & M. The debtors had previously filed an enigmatic document captioned "Conspiracy to Overthrow the United States Congress," but did not appear at the hearing.

### PROPOSED FACTS [1]

On April 19, 1983 "M & M" was awarded a summary judgment by the Common Pleas Court of Greene County, Ohio against James H. Cossett and Rosa Ann Cossett in the amount of $47,697.31 with interest at the rate of 11% per annum from August 20, 1982 (Attachment # 1). Subsequently the Cossetts requested a state appellate court to stay a foreclosure sale which had been scheduled for June 25, 1983. On June 21, 1983 the court of appeals granted a stay of the foreclosure sale (Attachment # 2). As part of this order the court of appeals

---

1. The facts underlying M & M's motion were previously arrived at in connection with a mo- tion for relief from stay.

required the Cossetts "to post a supersede-as bond to secure to the Plaintiff-Appellee [M & M] any damages, expenses and costs it may incur as a result of the postponement of the Sheriff's Sale of real estate in the within matter." The order also required the Cossetts to "execute and deliver to the Clerk of Courts an assignment of the Judgment, to be held until further rule of the Court, which the Defendant-Appellant, James H. Cossett, dba Cossett Construction, has obtained against Fry, Inc. in the Common Pleas Court of Clark County, Ohio, the same being Case No. 82–CIV–1659."

In conformity with the above-mentioned order, James H. Cossett executed an "Assignment of Judgment" (Attachment # 3), whereby he assigned a judgment he had obtained against Fry, Inc. to the Clerk of Courts of Greene County, Ohio. The terms of the "Superseadeas Bond" (Attachment # 4) provide that the Cossetts were "firmly bound unto Merchants and Mechanics Federal Savings and Loan Association in a sum uncertain to indemnify said Merchants and Mechanics Federal Savings and Loan Association against all damages and costs which may result from the stay issued by the Court of Appeals for Greene County, Ohio ... and the postponement of the Sheriff's Sale now scheduled by the Sheriff of Greene County, Ohio, for June 25, 1983." The bond further provides that "[s]aid damages and costs include, but are not limited to the following: damage suffered to the real estate ...; Court costs in the Court of Appeals, and in the Common Pleas Court of Greene County, Ohio; and additional interest incurred on the mortgage note which is the subject of the aforementioned Appellate case." Finally, the bond states that if the Cossetts do not prevail upon the merits in the Court of Appeals, and M & M suffers damages by virtue of the stay of proceedings issued by the Court of Appeals, then the Cossetts "shall pay to said Appellee all damages and costs occasioned by said stay of proceedings."

On February 21, 1984 $31,309.91 was deposited with the Clerk of Courts of Clark County, Ohio as a result of James Cossett's judgment against Fry, Inc. [Attachment # 5].

On April 26, 1984 an additional $500.00 was deposited by James Cossett with the Clerk of Courts of Greene County as additional sums for a bond to secure an additional appeal by the Cossetts of a state court decision which had denied them a new trial.

On November 7, 1984 the Supreme Court of Ohio dismissed the appeals of the Cossetts [Attachments # 6 and # 7].

On March 27, 1985 the Hon. Ellis W. Kerr, United States Bankruptcy Judge, ordered the Clerks of Courts for Clark County and Greene County to turn over the funds to the trustee of the Cossetts' bankruptcy estate.

## PROPOSED CONCLUSIONS OF LAW

M & M requests this court to abstain from determining the extent of its interest in the bond fund and submits that abstention is mandatory under the provisions of 28 U.S.C. § 1334(c)(2) which read in pertinent part as follows:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise.

■ Unless all elements of the statute have been satisfied, abstention under 28 U.S.C. § 1334(c)(2) is improper.

■ 28 U.S.C. § 157(b)(3) requires the court to determine "whether a proceeding is a core proceeding ... or is a proceeding that is otherwise related to a case under title 11." Core proceedings are those which arise in or arise under title 11; non-core proceedings are those which are relat-

ed to a case under title 11. 28 U.S.C. § 157(b)(1); *Cooper v. Coronet Insurance Co. (Matter of Boughton)*, 49 B.R. 312, 314 (Bankr.N.D.Ill.1985); *Churchill Cabinet Co. v. Continental Illinois Nat'l Bank (In re Destron, Inc.)*, 59 B.R. 240, 242 (Bankr. N.D.Ill.1986).

Mandatory abstention under 28 U.S.C. § 1334(c)(2) "applies in cases involving state law claims which are related to a case under Title 11, but not arising under Title 11 or arising in a case under Title 11. As such, it does not apply to core proceedings." *Huffman v. Perkinson (In re Harbour)*, 60 B.R. 370, 371 (W.D.Va.1985). In short, "[m]andatory abstention can only arise in cases involving non-core, related proceedings." *Allegheny, Inc. v. Laniado Wholesale Co. (In re Allegheny, Inc.)*, 68 B.R. 183, 192 (Bankr.W.D.Pa.1986). *Accord: Harley Hotels, Inc. v. Rain's International, Ltd.*, 57 B.R. 773, 778 (M.D. Pa.1985).

While "core" proceeding is not statutorily defined, 28 U.S.C. § 157(b)(2) sets forth an illustrative, non-exhaustive list of matters comprising core proceedings:

(2) Core proceedings include, but are not limited to—

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interest for the purposes of confirming a plan under chapter 11 or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annual or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

■ M & M's interest in the state court bond posted by the debtors may be variously characterized as 1) a matter concerning the administration of the estate; 2) an allowance or disallowance of a claim against the estate; 3) a determination of the validity, extent, or priority of a lien; or 4) a proceeding affecting the liquidation of the estate. But it is quite clear that the determination of the extent of M & M's interest in the state court bond is a core matter and not merely related to the debtor's case. Therefore, mandatory abstention would be improper.

M & M submits that the state court of appeals should be called upon to interpret its orders in connection with the bond. But 28 U.S.C. § 157(b)(3) provides that "[a] determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." Given the pervasive nature of state law issues in bankruptcy, a contrary provision would result in the wholesale transfer of various bankruptcy proceedings to state courts. "[V]irtually all lien questions involve state substantive law, yet they must be decided by the Bankruptcy Court." *In re S.E. Hornsby & Sons Sand*

*& Gravel Co.*, 45 B.R. 988, 997 (Bankr.M.D. La.1985). Nor is it unique for this court to be required to interpret orders of state courts. Such orders are frequently presented to this court in the context of proceedings to determine the dischargeability of alimony and support obligations.

■ Although the state court bond was ordered by this court to be turned over to the chapter 7 trustee on March 27, 1985, it was not until December 12, 1986 that M & M moved this court to abstain from exercising its jurisdiction in deciding the extent of M & M's claim to the bond. 28 U.S.C. § 1334(c)(2) requires that a motion for abstention be timely filed. It is this court's opinion that, prima facie, M & M's motion for abstention is untimely and that no explanation has been presented by M & M to excuse the untimeliness.

■ 28 U.S.C. § 1334(c)(2) also requires the district court to "abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." From previous experience with this bankruptcy case, this court believes that any action before the state court of appeals has been terminated. There has been no showing that an action regarding the bond has been commenced nor that it could be timely adjudicated.

For the foregoing reasons it is submitted that the motion of M & M for mandatory abstention fails to satisfy the requirements of 28 U.S.C. § 1334(c)(2) and, therefore, should be denied.