In the Matter of Alvin H. WALKER and Dorothy Jean Walker, Debtors.

Alvin H. WALKER, Dorothy Jean Walker and the United States of America, Plaintiffs,

v.

Norris BRYANS, Defendant.

Bankruptcy No. 97–51065.
Adversary No. 97–5100.

United States Bankruptcy Court,
M.D. Georgia,
Albany Division.

June 16, 1998.

Jesse C. Stone, Merrill, Stone and Parks, Swainsboro, GA, for Debtors.

Bernard Snell, Assistant United States Attorney, Macon, GA, for United States.

T. Baron Gibson, II, Martin, Snow, Grant & Napier, Macon, GA, for Defendant.

*MEMORANDUM OPINION*

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on Motion For Reconsideration by Alvin H. Walker and Dorothy Jean Walker ("Debtors"). The Court is asked to reconsider its bench ruling of February 17, 1998 granting the Motion To Abstain by Norris Bryans ("Defendant"). This is a core matter within the meaning of 28 U.S.C. § 157(b)(2).[1] After

---

1. It should be noted that, while the particular issues to be decided in the adversary proceeding

considering the pleadings, evidence presented and applicable authorities, the Court enters the following findings of fact and conclusions of law in compliance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

This adversary proceeding was commenced with the filing of a Complaint on August 12, 1997 by Debtors who seek damages and other remedies arising from alleged wrongdoing in the acquiring of security interests and in the repossession of certain cattle. The Complaint asks the Court to rule on the following issues:

*Count I:* Preferential Transfers;

*Count II:* Fraudulent Transfer;

*Count III:* Disallowance of Claim and Equitable Subordination;

*Count IV:* Determination of Lien Position;

*Count V:* Wrongful Repossession;

*Count VI:* Trespass and Conversion.

On October 30, 1997, a Consent Order was entered, allowing the United States of America on behalf of its agency, the United States Department of Agriculture, Farm Service Agency ("United States") to intervene as a party plaintiff. On December 19, 1997, Defendant filed a motion asking the Court to abstain from the proceedings. On February 17, 1998, the Court delivered a bench ruling granting the motion with respect to Counts IV, V and VI, but denying the motion with respect to Counts I, II and III. Debtors and the United States (collectively, "Plaintiffs") seek reconsideration of this ruling.

### Conclusions of Law

A bankruptcy court may, and sometimes must, abstain from hearing certain non-core matters under the principles of mandatory abstention and permissive abstention. The mandatory abstention rule provides as follows:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11, but not arising under title

11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). The permissive abstention rule is as follows:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1). In its bench ruling on February 17, 1998, the Court ruled that mandatory abstention was required, and therefore, made no ruling with respect to the issue of permissive abstention. For the reasons stated below, the Court will vacate its order to abstain from hearing the matters contained in Counts IV, V and VI of Debtors' Complaint, and, instead, enter an order denying Defendant's Motion To Abstain.

At the hearing, it was determined that the crux of the matter of determining whether mandatory abstention is required is the interpretation of the phrase "the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." 28 U.S.C. § 1334(c)(2). Defendant contends that it is not necessary for the action to have actually been commenced in a state court prior to the filing of the bankruptcy case, but rather, it is only required that the action could have been commenced in state court prior to the filing of the bankruptcy case. In its bench ruling, the Court agreed with that position. Upon further consideration, the Court now concludes that mandatory abstention is not appropriate, unless the action from which the Court is being asked to abstain has, in actu-

are not all "core" matters, the decision regarding whether to abstain from some of these "non-

core" matters is, itself, a "core" matter.

ality, already been commenced in a state court forum.

In *Foster v. Farmers and Merchants Bank of Eatonton (In re Foster)*, Judge Robert F. Hershner, Jr., Chief Judge of this District, held that mandatory abstention does not apply where no legal action had been commenced in a state court tribunal. 105 B.R. 746, 749 (Bankr.M.D.Ga.1989); *see also Excelite Corp. v. Custom Vanities, Inc. (In re Excelite Corp.)*, 49 B.R. 923, 925 (Bankr. N.D.Ga.1985). *In re Foster* was cited at the hearing without reference to any district court authority. Further research reveals that a relevant district court case was decided here in the Middle District of Georgia. In *Sandersville Prod. Credit Ass'n v. Douthit (In re Douthit)*, 47 B.R. 428 (M.D.Ga.1985), the defendants in an adversary proceeding filed a motion seeking, alternatively, mandatory abstention, voluntary/permissive abstention, or withdrawal of reference. The district court ordered the bankruptcy court to abstain on what appears to be permissive abstention grounds. *See id.* at 432. The court indicated that mandatory abstention required a prior pending state court proceeding. *See id.* at 432 n. 7. ("Contrary to defendant's suggestion, mandatory abstention is not required, as there is presently no pending state court action involving these issues."). Acknowledging that this language from the opinion is dicta, this Court still views the statement as an indication of the interpretation given by the district court to this rule. Furthermore, the weight of case authority is in accord with this view.[2] Accordingly, as there is no prior pending state court action here as to any of the issues raised in the Complaint, and in deference to the weight of authority outside the Middle District of Georgia construed together with our Bankruptcy Court and District Court rulings, this Court concludes that mandatory abstention, in this case, is inappropriate.[3]

**2.** *See, e.g., In re Bates & Rogers Constr. Corp.*, 97 B.R. 905 (N.D.Ill.1989) (state court proceeding must have been commenced, but not necessarily before filing of bankruptcy petition); *In re Container Transport, Inc.*, 86 B.R. 804 (E.D.Pa.1988); *Ram Constr. Co. v. Port Authority of Allegheny County*, 49 B.R. 363 (W.D.Pa.1985); *Kolinsky v. Russ (In re Kolinsky)*, 100 B.R. 695 (Bankr. S.D.N.Y.1989); *In re Cossett*, 75 B.R. 766 (Bankr. S.D.Ohio 1987); *In re Earle Indus., Inc.*, 72 B.R. 131 (Bankr.E.D.Pa.1987); *In re World Fin. Servs. Center, Inc.*, 64 B.R. 980 (Bankr.S.D.Cal.1986); *In re Cemetery Dev. Corp.*, 59 B.R. 115 (Bankr. M.D.La.1986); *In re Krupke*, 57 B.R. 523 (Bankr. W.D.Wis.1986); *In re Baldwin–United Corp.*, 52 B.R. 541 (Bankr.S.D.Ohio 1985); *In re Climate Control Engineers, Inc.*, 51 B.R. 359 (Bankr. M.D.Fla.1985); *In re First Landmark Dev. Corp.*, 51 B.R. 25 (Bankr.M.D.Fla.1985).

**3.** The decision to strictly construe the statute in accordance with its plain language glosses over a very complex and somewhat troubling constitutional law question which is raised by implication in the Supreme Court's decision in the case of *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), and discussed further in three cases, *World Solar Corp. v. Steinbaum (In re World Solar Corp.)*, 81 B.R. 603 (Bankr.S.D.Cal.1988), *State Bank of Lombard v. Chart House, Inc.*, 46 B.R. 468 (N.D.Ill.1985), and *Dakota Grain Sys., Inc. v. Rauser Constr., Inc. (In re Dakota Grain Sys., Inc.)*, 41 B.R. 749 (Bankr.N.D.1984). Prior to the 1978 Bankruptcy Code, the jurisdiction at issue in this case and in the *Marathon* case was dependent on distinctions known as summary and plenary jurisdiction. If an entity filed a claim in the case, that entity was deemed to be subject to the jurisdiction of the bankruptcy court in the nature of a counterclaim which might assert a separate state law cause of action. If an entity was not otherwise subject to jurisdiction in the district court under federal law, and if that same entity never filed a claim in the bankruptcy case, a state law claim for relief could only be asserted against the entity in a state court. The 1978 Bankruptcy Code purported to change this rule by establishing a federal rule of decision as to such claims against such entities to be heard and decided in the bankruptcy court. The Supreme Court declared that grant of jurisdiction to be unconstitutional because the case was to be heard and decided by an Art. I bankruptcy court rather than an Art. III district court. The Supreme Court never reached the question in *Marathon* of whether the grant of expanded federal jurisdiction would have been constitutional if it had been constructed as it is today with jurisdiction vested in district courts initially. A careful reading of *Marathon* suggests that the Supreme Court did not intend to endorse the newly created federal jurisdiction. The holding is summarized by Chief Justice Berger in his dissent as follows:

> [T]he Court's holding is limited to the proposition stated by Justice REHNQUIST in his concurrence in the judgment—that a "traditional" state common-law action, not made subject to a federal rule of decision, and related only peripherally to an adjudication of bankruptcy under federal law, must, absent the consent of the litigants, be heard by an "Art. III court" *if it is to be heard by any court or agency of the United States.*

As for permissive abstention, courts have developed a number of factors to consider in deciding whether a bankruptcy court should choose to abstain from hearing a particular matter in accordance with 28 U.S.C. § 1334(c)(1). These factors consist of the following:

(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention;

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficulty or unsettled nature of the applicable state law;

(4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than form of an asserted "core" proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden on the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial; and

(12) the presence in the proceeding of non-debtor parties.

*In re Foster*, 105 B.R. at 749–50. Taking all of these factors into consideration, the Court holds that permissive abstention is inappropriate in this case.

In making this determination, the Court notes that, if it abstains from hearing Counts IV, V and VI, there is a danger of inconsistent results between the state court and this Court since the claims stated in Counts I, II and III are core matters and cannot be adjudicated in the state court. This could cause difficulty in the administration of the underlying bankruptcy case depending upon the outcome of a state court proceeding. For example, this Court might decide that the conduct of Defendant in the foreclosure warrants equitable subordination of Defendant's claim while, at the same time, a state court might rule that foreclosure was proper and that no damages are warranted. In addition, the administration of this bankruptcy case would have to be stayed until the resolution of the severed matters in state court. Such a delay could be avoided by resolving all matters here, in one trial. Lastly, the evidence in the two courts in the two cases would be virtually the same. For these reasons and in the interest of judicial economy, the Court will not voluntarily abstain from any of the Counts listed in the Complaint. Instead, the Court will hear all matters in this adversary proceeding, including Counts IV, V and VI for which "related to" jurisdiction exists.[4]

An order in accordance with this opinion will be entered on this date.

### ORDER

In accordance with the memorandum opinion entered on this date, it is hereby

ORDERED that this Court's bench ruling rendered in open court on February 17, 1998 is vacated; and it is hereby further

ORDERED that Norris Bryans' Motion To Abstain is denied as to all counts contained in the Complaint filed on August 12, 1997.

---

*Marathon*, 458 U.S. at 92, 102 S.Ct. at 2882 (emphasis added). The plain language interpretation of the mandatory abstention rule depends on the assumption that the federal jurisdiction created in the 1978 Code can be constitutionally enforced against a defendant like Marathon if the action has not already been filed in the state court. Such a basis for expanding the federal jurisdiction has both logic and convenience in its favor. Whether the scheme has a constitutional basis remains an unanswered question.

4. *See* 28 U.S.C. § 157(c).