William Robert RUNNELLS, Jr., et al., Appellants,

v.

Laurence H. LEVY, Trustee, et al., Appellees.

Civ. A. No. 86–305–N.
No. 85–01541–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

Aug. 7, 1986.

See also, D.C., 77 B.R. 44.

Richard W. Whittemore, Caton and Koch, P.C., Virginia Beach, Va., for appellants.

David H. Adams, Taylor, Walker and Adams, P.C., Norfolk, Va., for appellees.

### MEMORANDUM ORDER

MacKENZIE, Senior District Judge.

The Appellants filed this action to gain review of a default judgment entered against them in the United States Bankruptcy Court for the Eastern District of Virginia. Appellants ask the Court to set aside the default judgment or in the alternative to grant them an evidentiary hearing in the Bankruptcy Court to determine actual damages. After briefing, the Court heard oral arguments on July 25, 1986.

### Background

Landbank Equity Corporation ("Landbank") was a second mortgage lending in-

stitution that operated in the Tidewater area until it filed a voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Virginia on September 17, 1985. After the passage of only one week, Landbank voluntarily converted the Chapter 11 proceeding to a Chapter 7 liquidation.

Appellant William Robert Runnells and his wife, Marika Lody Runnells, were the sole stockholders of Landbank. They, along with other members of their family, participated as officers and employees of Landbank. The Runnells family also formed several other corporations to allegedly assist Landbank in providing its services. To fund initiating and operating costs of these two new businesses, Landbank, with Mr. and Mrs. Runnells, made certain loans to these businesses. It was during the alleged repayment of these loans, in late 1985, that Landbank filed for bankruptcy.

### Facts

On November 13, 1985, Laurence H. Levy, as Trustee for Landbank, filed a complaint in the Bankruptcy Court to recover property, set aside fraudulent conveyances and post-petition transfers, and avoid preferences. The complaint named Mr. and Mrs. William Runnells, several of the new corporations they had formed, and the other involved Runnells family members. The trustee sought immediate injunctive relief and after a hearing on November 19, 1985, the Bankruptcy Court granted an injunction. Subsequently, on November 22, 1985, the trustee filed an amended complaint asserting essentially the same claims plus a Virginia State law claim.

The trustee properly served the complaint on November 25, 1985 by a mailing to the Appellants' last known address under Rule 7004 of the Bankruptcy Code. Under Rule 7012(a), the defendants had 30 days in which to file answers, i.e., until December 26, 1985. However, William Runnells, individually and as representative of the present Appellant corporations, states he never received timely notice of the complaint, that service to his last known address, while proper under the Rules, was ineffective because he had recently moved.

William Runnells filed his answer on January 8, 1986, thirteen days beyond the deadline of December 26, 1985. The Appellant corporations did not file their answers until February 15, 1986, forty-one days past the deadline. On January 9, 1986, one day after Runnells had answered, the trustee filed a motion for default judgment. The Bankruptcy Court held a hearing on February 6, 1986, at which the Appellants failed to appear, and granted the default judgment against all of the Appellants.

---

Under 28 U.S.C. § 157(c)(1), the Appellants moved for a *de novo* review, by the District Court, of the default judgment. On April 7, the Bankruptcy Court denied the motion for a *de novo* review. That Court concluded that the matters alleged in the amended complaint constituted "core proceedings" and therefore the Appellants did not have a right to *de novo* review. On April 15, 1986, the Bankruptcy Court issued its default judgment Order in the trustee's complaint. The Order arbitrarily set damages as the amounts set forth as allegations in the complaint and then trebled them under Va.Code § 18.2–500. The total default judgment award is in excess of $16,000,000.

The Appellants appealed the April 15, 1986 Order. The Appellants essentially allege that the Bankruptcy Court committed four errors. The Court will address each issue in turn.

### Discussion
#### 1. The Default Judgment.

It is well known that default judgments are not favored by the Courts. The instant case does nothing to remove the reservations surrounding judgments by default.

Runnells, for himself and other appealing corporations, notes that while he never requested an extension of time, the other five family members defendants did request and receive such an extension to January 8, 1986, the day that Runnells filed

his answer. Runnells claims he thought the extension granted to the other family members, including his wife, also applied to him. Tr. 28. At oral argument, the trustee argued while he concurred in an extension to January 8, 1986 for the defendants, members of Runnells' family, that he specifically excluded William Runnells from such extension.

Runnells also notes that the filing of an amended complaint occurred during the Christmas season making answers due on the day after Christmas. During that same period, a multitude of suits were filed against Runnells in both federal and State Court. Criminal investigations were also initiated. Runnells further claims that for purposes of responding to the amended complaint, he was without counsel due to Orders of the Bankruptcy Court denying his corporate counsel the right to represent Runnells. As a final point, he also notes that · the above pressures became compounded when during the same time period, he separated from his wife. The trustee contests whether separately, or in sum, these events should have any bearing on Runnells failure to timely file his answer.

■ The Court finds it unnecessary to parse through each of the above allegations and decide either whether Runnells actually thought he had an extension of time or whether the total equity of the alleged events should have precluded a default judgment. Instead the Court resolves the issue by focusing on whether the trustee suffered any demonstrable prejudice and whether the administration of the Bankruptcy estate suffered any delay or hinderance because Runnells filed his answer a few days late.

Reviewing the factors, the Court concludes that the Bankruptcy Court did abuse its discretion in ordering default judgment in this case.

The trustee, neither in his briefs nor at oral argument, revealed any prejudice as a result of William Runnells filing his answer thirteen days late. The trustee is unable to show any prejudice because, in fact, none could have occurred in the meantime. Runnells filed his answer on the very same day that at least five other defendants were required to file their answers. There were six family members, who were defendants, not just William Runnells. The trustee granted an extension to five family members and while he may have specifically excluded William Runnells, nevertheless, their actions and conduct were just as much put in issue in the complaint as that of William Runnells. The trustee simply has not shown *any* prejudice as a result of Runnells' late filing. No proceedings could have occurred in any event before January 8, 1986, the date to which their filing answers had been extended.

The trustee did not show that any proceeding or event within the Bankruptcy estate was affected in any way by William Runnells filing his answer on January 8, 1986.

The above two findings, along with several other factors, including the amount of the judgment, $16,000,000 plus, the strictly technical nature of the default, and the confusion surrounding the default, clearly show that the Bankruptcy Court erred in granting default judgment and the matter must be remanded.

### 2. *Determination of Damages.*

■ The Bankruptcy Court also erred in fixing damages in default by adopting, without a hearing, the amounts *alleged* in the trustee's complaint. In light of the above decision to remand, the issue of damages will necessarily be reexamined by the Bankruptcy Court.

### 3. *Treble Damages.*

The Appellants claim that the Bankruptcy Court wrongly trebled the suspect damage award under Va.Code § 18.2-500. Again, in light of the above remand, this issue of trebling damages under these circumstances should be reexamined by the Bankruptcy Court.

### 4. *Core versus Non-Core.*

■ Finally, the Appellants challenge the Bankruptcy Court's April 7, 1986 finding that the amended complaint involves "core" proceedings. The result of "core" status is that Appellants, on appeal, would receive only "abuse of discretion" review

44

of the Bankruptcy Court's rulings, instead of a complete *de novo* review. Title 28 U.S.C. § 157.

After a review of the entire amended complaint, including its claims of fraudulent conveyances, preference transfers, etc., including even the state law conspiracy charge, this Court would concur that the proceedings are, indeed, "core" proceedings and that the Bankruptcy Court was correct. *See* 28 U.S.C. § 157(b)(2); *Huffman, Trustee v. Brandon,* 59 B.R. 319 (W.D.Va.1986). However, as this Court finds the default judgment to be an error, under abuse of discretion review, or *de novo* review, the Court would remand the case.

### Conclusion

The Bankruptcy Court's April 15, 1986 default judgment and determination of damage in the above-styled case is REVERSED and REMANDED to the United States Bankruptcy Court for the Eastern District of Virginia for trial on the merits. This Court concurs in the Bankruptcy Court's finding that the instant amended complaint presents core proceedings.

It is so ORDERED.