**In re LANDBANK EQUITY CORPORATION, Debtor.**

**Laurence H. LEVY, Trustee, Appellee,**

v.

**BUTLER, PAYNE AND GRIFFIN, Frank E. Butler, III, Woodruff H. Griffin, and Richard E. Payne, Appellants.**

Bankruptcy No. 85–01541–N.
Civ. A. No. 87–167–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

Aug. 4, 1987.

David H. Adams, Clark & Stant, Virginia Beach, Va., Frank J. Santoro, Portsmouth, Va., for appellee.

Tom C. Smith, Virginia Beach, Va., Charles M. Lollar, Michelle Rack, Heilig, McKenry, Fraim and Lollar, Norfolk, Va., Vann H. Lefcoe, Livesay & Lefcoe, Ltd., Portsmouth, Va., for appellants.

## ORDER

CLARKE, District Judge.

This matter comes before the Court on appeal from the interlocutory Order of the United States Bankruptcy Court entered February 23, 1987. By Order dated May 5, 1987, this Court granted leave to appeal the interlocutory Order pursuant to 28 U.S.C. § 1334(b) and permitted Woodruff H. Griffin to intervene in the appeal. The parties have submitted briefs; therefore, this matter is ready for decision.

On September 24, 1986, the Trustee filed in the Bankruptcy Court a Complaint against the defendants alleging a conspiracy to defraud Landbank Equity Corporation (Landbank) and its creditors and also alleging several acts of negligence by the defendants, all of which were claimed to have resulted in damages to Landbank. The Complaint was one of a series of Complaints filed by the Trustee against Landbank's former officers, employees, accountants and attorneys. The Bankruptcy Court entered an Order in the suit against the Runnells family members in which the Court ruled, *inter alia*, that the cause of action for conspiracy did not lie. The Trustee requested leave to replead all of his pending Complaints, including the instant suit against these defendants. Leave was granted, and the Amended Complaint was filed on December 23, 1986.

The Amended Complaint contains four counts: (1) that the defendants, as attorneys for Landbank, negligently failed to handle or complete certain foreclosures, causing Landbank to lose money; (2) that the defendants, as attorneys for Landbank, negligently conducted loan closings, causing Landbank to incur "excessive administrative expenses;" (3) that the defendants, as attorneys for Landbank, and various borrowers in a series of condominium closings negligently permitted Landbank and the Runnellses to fail to pay off prior deeds of trust, causing claims to be made against Landbank; and (4) that the defendants defrauded Landbank by overbilling it for legal fees.

The defendants filed two Motions in response to the Trustee's Amended Complaint. First, to determine the nature of the proceeding as a non-core "related" proceeding, and then to either dismiss the Amended Complaint for lack of jurisdiction or to abstain from adjudicating it pursuant to 28 U.S.C. § 1334(c). Second, to dismiss the Amended Complaint for failure to state a claim, or, alternatively, to require a more definite statement of the facts and theories supporting the claims.

The Bankruptcy Court denied both Motions from the bench on February 2, 1987 and entered an Order embodying this ruling on February 23, 1987. This appeal is taken only from the Bankruptcy Court's ruling that the proceeding is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2) and the consequent rulings that the Bankruptcy Court has jurisdiction and need not abstain.

In reviewing a decision of the Bankruptcy Court, this Court can set aside findings of fact only if they are clearly erroneous. 11 U.S.C. Rule 8013 (1984); *Harman v. Levin*, 772 F.2d 1150, 1152–53 (4th Cir. 1985). This Court, however, is not bound by the Bankruptcy Court's conclusions of law. *See In re Multipanics*, 622 F.2d 709, 713 (5th Cir.1980); *In re Fett Roofing & Sheet Metal Co., Inc.*, 438 F.Supp. 726, 729 (E.D.Va.1977), *aff'd*, 605 F.2d 1201 (4th Cir. 1979). On appeal from a decision of the bankruptcy court, the district court may make an independent examination and determine questions of law. *In re Ford*, 53 B.R. 444 (W.D.Va.1984), *aff'd*, 773 F.2d 52 (4th Cir.1985).

The first issue on appeal is whether the Bankruptcy Court erred when it determined that the Trustee's action was a "core" proceeding within the meaning of 28 U.S.C. § 157.

The Bankruptcy Amendments and Federal Judgeship Act of 1984 require the bankruptcy judge to determine whether a proceeding is a "core" or "related" proceeding. 28 U.S.C. § 157(b)(3). If a matter is determined to be a core proceeding, the bankruptcy court may hear it and render a final determination, subject to appeal. 28 U.S.C. § 157(b)(1). Pursuant to 28 U.S.C. § 157(c), bankruptcy judges may also hear matters that are not core proceedings but are otherwise related to a case under title 11. However, bankruptcy judges may not enter final orders in these "non-core" proceedings absent the consent of the parties; instead, the bankruptcy judge must submit his findings of fact and conclusions of law to the district court. The district court may then enter a final order or judgment after considering the bankruptcy judge's proposed findings and conclusions and reviewing *de novo* any matters to which any party objects. 28 U.S.C. § 157(c)(1). The distinction Congress made between what a bankruptcy judge may hear and determine and just hear was no doubt in response to the constitutional infirmities of the Bankruptcy Reform Act of 1978 the Supreme Court found in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

The term "core proceeding" is not explicitly defined anywhere in the 1984 Amendments. However, 28 U.S.C. § 157(b)(2) contains a nonexclusive list of such actions. Section 157(b)(2) provides that:

Core proceedings include, but are not limited to—

(A) matters concerning the administration of the estate,

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purpose of confirming a plan under Chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul, or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

28 U.S.C. § 157(b)(2)(A)–(O) (Supp.1987). Section 157(b)(3) states that:

The bankruptcy judge shall determine ... whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.

28 U.S.C. § 157(b)(3) (Supp.1987).

The Bankruptcy Court held that the proceeding brought by the Trustee against these defendants was a "core proceeding." The Court stated that it:

[I]s of the opinion that this is a part of the core, the purpose that Congress has set forth which may be unconstitutional. I'm not going to declare it such, that it is a part of what Congress intended when it set up core, and is not this non-core bit that involves something really completely remote. This is a part of the heart, the core, of Landbank itself.... I would have to say further that this Court is very much guided by Judge MacKenzie's decision in the William Runnells matter. While he didn't even know this was coming along, I dare say, not speaking for him. I think that there was a broadness given there about the trustee trying to marshall together the case that led Judge MacKenzie to decide as he did. (Tr. 52–3).

For the following reasons, this Court REVERSES the decision of the Bankruptcy Court and finds that the Amended Complaint is a non-core "related" proceeding.

The Bankruptcy Court stated when making its determination that this was a core

proceeding that it relied heavily on the decision by Judge MacKenzie in *Levy v. Runnells,* 77 B.R. 41, (E.D.Va.1986) and *Huffman v. Brandan,* 59 B.R. 319 (W.D.Va. 1986). In both the *Runnells* case and the *Brandan* case, the relief sought by the Trustee was clearly "core" relief—turnover of property under Section 543 of the Bankruptcy Code, setting aside preferences under Section 547, setting aside fraudulent transfers under Section 547, and avoiding post-petition transactions.

In the present case, the Trustee is seeking to recover money damages incurred by Landbank due to the defendants' alleged negligent representation of Landbank in certain real estate loan closings and foreclosure proceedings, and for their alleged preparation of false statements for loan closings handled on behalf of Landbank. None of the allegations in the Trustee's Amended Complaint demand relief under the list of "core" proceedings set forth in Section 157(b)(2). There are no allegations that these defendants have any property belonging to Landbank, or that they have filed any claims against the estate.

Since the passage of the 1984 Amendments, the federal courts have attempted to clarify the distinction between "core" and "non-core" proceedings. In *In re American Energy, Inc.,* 50 B.R. 175 (Bkrtcy.D.N.D.1985), the court described "core" proceedings as encompassing those proceedings which would not exist in law absent the Bankruptcy Code. The court stated:

Although Section 157(b)(2) was meant by Congress to be a non-exclusive list of what might be included in the term "core" proceedings, this Court does not believe the sections or categories should be interpreted or expanded so as to in effect emasculate the jurisdiction proscriptions of the *Marathon* case. Clearly, subsections 157(b)(2)(A) and (O) should not be interpreted to include related non-core proceedings since 28 U.S.C. § 157(c)(1) specifically prevents a bankruptcy judge from rendering final judgments in such instances. A common

sense interpretation of the term "core" would dictate that it include only those proceedings which are specifically defined in subsection (b)(2)(B) through (N) or in the Bankruptcy Code.

*In re American Energy, Inc.*, 50 B.R. at 178.

In *Huffman v. Brandan*, 59 B.R. 319, 324 (W.D.Va.1986), the case relied on by the Bankruptcy Court in the instant suit, the court stated that:

The contract claim in *Marathon* no doubt served as a model for the "related to" proceedings over which bankruptcy courts now exercise only limited jurisdiction under the 1984 Amendments. It has also served as a model for the courts. *See e.g., In re Environmental Research & Development Inc.*, 46 B.R. 774, 779 (S.D.N.Y.1985) (trustee's malpractice action against two law firms allegedly involved in the transfer of the debtor's assets was a "related" proceeding); *In re Morse Electric Co., Inc.*, 47 B.R. 234, 237 (Bkrtcy. N.D.Ind.1985) (debtor's allegations of breach of contract, bad faith injury to its business and negligence were "related" proceedings); *In re Bokum Resources Corp.*, 49 B.R. 854, 866 (Bkrtcy.N.M.1985) (breach of contract and tortious interference issues were only "related" to the bankruptcy case).

*Huffman v. Brandan*, 59 B.R. at 324.

*Collier on Bankruptcy* offers the following analysis of "related" proceedings:

The constitutional concerns which led to the *Marathon* case, which were addressed by the Emergency Rule, and whose special treatment runs throughout the 1984 legislation, are most concretely identified with "related" proceedings, i.e., civil proceedings "related to" cases under title 11.

Related proceedings are afforded special treatment in 28 U.S.C. § 1334(c)(2), are excluded from being treated as "core proceedings" by 28 U.S.C. § 157(b)(1), and are the subject of special procedures contained in Sections 157(c)(1) and (c)(2). It is therefore of some importance to be able to understand and categorize related proceedings.

In light of the *Marathon* case, the legislative history surrounding the 1984 jurisdictional provisions, it seems clear that of the cases encompassed by Section 1334(b) and the post–1984 case law, "related proceedings" are those which (1) involve causes of action owned by the debtor that become property of the estate under Section 541, and (2) suits between third parties which in one way or another affect the administration of the title 11 case.

H.L. King, *Collier on Bankruptcy* ¶ 3.01, p. 3–24, 25 (15 ed. 1986).

*Collier* states further "[a]s another court put it, related proceedings are 'those civil proceedings that, in the absence of bankruptcy, could have been brought in a district court or state court.'" *Id.* [citing *In re Colorado Energy Supply, Inc.*, 728 F.2d 1283 (10th Cir.1984)].

The Trustee has contended that his Amended Complaint is "in furtherance of his obligation to pursue the assets and claims of the estate." However, it has been held that, based on the *Marathon* decision, a Trustee cannot sweep "related" cases under the "core" umbrella merely by alleging that a recovery would benefit the estate, otherwise there would be no "related" cases at all. *See e.g., In re American Energy, Inc.*, 50 B.R. at 178–80; *Interconnect Telephone Services, Inc. v. Farren*, 59 B.R. 397, 400 (S.D.N.Y.1986).

The Trustee also relies on the case of *Arnold Print Works, Inc. v. Apkin*, 815 F.2d 165 (1st Cir.1987) to support his contention that the adversary proceeding filed against these defendants is a core proceeding. In *Arnold* the court held that a post-petition debt arising from the sale of the estate's assets, unlike a suit to recover a pre-petition debt, falls within the literal wording of 28 U.S.C. Section 157(b)(2)(A) because it involves a claim that arose out of the administrative activities of a debtor in possession. *Arnold Print Works, Inc. v. Apkin*, 815 F.2d at 168. However, in the present case, the Trustee's Amended Complaint is based entirely on transactions which occurred before Landbank filed its bankruptcy petition.

From the foregoing analysis, this Court must conclude that the Trustee's cause of action in the instant case is a "related" proceeding. Accordingly, the determination by the Bankruptcy Court that the Trustee's cause of action is a "core" proceeding is hereby REVERSED.

The Court must now decide whether to withdraw the reference from the Bankruptcy Court pursuant to 28 U.S.C. § 157(d). Section 157(d) provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d) (Supp.1987). The courts are not clear as to what constitutes cause for withdrawal of the reference.

In *Holland America Insurance Co. v. Succession of Roy*, 777 F.2d 992 (5th Cir. 1985), the court held that in determining whether cause exists for withdrawing the reference, the district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, conservation of debtor's creditors, resources, expediting the bankruptcy process, and whether the bankruptcy court can hold a jury trial.

The Trustee states that "if it is determined that the subject Adversary Proceeding is a related proceeding, it is requested that this Court retain jurisdiction and withdraw the reference to the Bankruptcy Court." This request is based on Section 157(c) which provides that bankruptcy judges may hear related proceedings but must submit findings of fact and conclusions of law to the district court. The Trustee contends that the most judicially economical handling of the matter would be for this Court to withdraw the reference and retain jurisdiction. Also, the defendants state that the Trustee's Amended Complaint is no more than an attorney malpractice case in which they would be entitled to a jury trial.

■ The question of whether the defendants are entitled to a jury trial is not now before the Court. However, in deciding whether to withdraw the reference from the Bankruptcy Court, this Court must consider the defendants desire to have this matter tried by a jury. The Court is aware of the line of cases that have held that there is no right to a jury trial in the Bankruptcy Court in a "related to" matter on the ground that the *"de novo* review" provision required by 28 U.S.C. § 157(c)(1) would mandate a second jury trial in the district court if either party objected. *Mohawk Industries, Inc. v. Robinson Industries, Inc.*, 46 B.R. 464, 12 B.C.D. 891 (D.Mass.1984); *see also In re American Energy*, 50 B.R. 175 (D.N.D.1985); compare *In re Price-Watson Co.*, 66 B.R. 144 (Bkrtcy.S.D.Tex.1986).

■ The Court finds, after considering the factors enunciated in *Holland America Insurance Co. v. Succession of Roy*, 777 F.2d 992 (5th Cir.1985) that it is appropriate to withdraw the reference from the Bankruptcy Court. The Court finds that sufficient cause exists and that withdrawing the reference will conserve the debtor's and creditor's resources, especially in light of the defendants' desire to have this matter tried before a jury.

Accordingly, the Court, in its discretion, withdraws the reference from the Bankruptcy Court pursuant to 28 U.S.C. § 157(d).

The remaining issue is whether this Court should abstain pursuant to 28 U.S.C. § 1334(c) which provides:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely

adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. . . .

28 U.S.C. § 1334(c)(1)(2) (Supp.1987).

The defendants contend that as to Count III of the Trustee's Amended Complaint, mandatory abstention under Section 1334(c)(2) is required because the identical claims have been filed against the defendants in the Circuit Court of the City of Virginia Beach. However, the Trustee contends that mandatory abstention is not applicable because the action in the Circuit Court was brought by the lending institutions involved in the transaction and does not involve the Trustee as a party. Furthermore, the Trustee contends that because no action had been instituted in the state court prior to the commencement of the bankruptcy case, Section 1334(c)(2) does not apply.

The two criteria that call for mandatory abstention under Section 1334(c)(2) are: "(i) absent Section 1334(b), the civil action (one 'related' to the bankruptcy case) could not have been commenced in a federal court, and (ii) the proceeding is commenced and can be timely adjudicated in a state forum." H.L. King, *Collier on Bankruptcy* ¶ 3.01, p. 3–68 (15 ed. 1986).

There is no dispute that the first criteria has been met. The Amended Complaint requires the application of state law and there is no diversity of citizenship between the parties, nor is there a federal question raised in the Amended Complaint. The problem arises in applying the second criteria.

*Collier* states that when applying the second criteria:

It is unclear whether, for the section to be applicable, the action need have been commenced prior to the filing of the petition commencing the title 11 case. . . . The section as passed leaves open the possible interpretation that section 1334(c)(2) does not apply unless, prior to the time that the bankruptcy case was commenced, the state law action had already been instituted. This has been the holding in a number of cases.

*Collier,* ¶ 3.01 at 3–68 [citing *Taxel v. Commerce Bank* (*In re World Financial Services Center, Inc.*), 64 B.R. 980 (B.Ct., S.D. Cal.1986); *Ram Construction Co. v. Port Authority of Allegheny Count,* 49 B.R. 363, 13 B.C.D. 279 (W.D.Pa.1985); *Excelite Corp. v. Custom Vanities, Inc. (In re Excelite Corp.),* 49 B.R. 923, 13 B.C.D. 96 (B.Ct., N.D.Ga.1985); *Braucher v. Continental Illinois Nat'l Bank & Trust Co. of Chicago (In re Illinois-California Express, Inc.),* 50 B.R. 232 (B.Ct., D.Colo. 1985) ].

■ The Court finds that mandatory abstention does not apply to the facts before the Court. The suit was filed against the defendants in Circuit Court in July 1986. The bankruptcy proceeding was commenced on September 17, 1985. Therefore, the state court action had not already been instituted when the bankruptcy case was commenced.

■ The Court must now determine whether discretionary abstention pursuant to Section 1334(c)(1) is appropriate. Unlike Section 1334(c)(2) abstention pursuant to Section 1334(c)(1) "is not mandatory; it merely gives the district court the discretion to abstain if abstention is in the interest of justice, or in the interest of comity with State Courts or respect for State law." *Collier,* ¶ 3.01 at p. 3–58.

The defendants assert that abstention on the basis of comity to the state court becomes more important where, as in this case, the Amended Complaint raises issues which are currently unsettled questions of state law. The defendant Woodruff H. Griffin asserts that he intends to raise an affirmative defense of limited liability for all claims filed against him due to his status as a limited partner in the law firm of Butler, Payne and Griffin. The defendants contend that the limited liability in a professional partnership is an issue which to date remains unaddressed by the state courts; therefore, it is preferable that this Court abstain and allow the issue to be decided by the state court.

The Court finds that the Trustee's Amended Complaint in the instant adver-

sary proceeding is based solely on matters of state law, has no independent basis for federal jurisdiction and raises questions of state law that are currently unsettled. The Court further finds that it would be in the interest of comity with the state court to abstain.

Accordingly, the Court will abstain pursuant to 28 U.S.C. § 1334(c)(1) from hearing the Trustee's Amended Complaint.

For the foregoing reasons, the decision of the Bankruptcy Court is REVERSED, the reference is withdrawn and this Court abstains pursuant to 28 U.S.C. § 1334(c)(1).

The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.