**In the Matter of OLIVER'S STORES, INC., Debtor.**

**Carmen J. MAGGIO, Plaintiff,**

**v.**

**TOUCHE ROSS & CO., and The Inventory Company, Defendant.**

**Civ. A. No. 89–1384.
Bankruptcy No. 87–01226.
Adv. No. 89–0037.**

United States District Court,
D. New Jersey.

Nov. 3, 1989.

Ira M. Levee, Ravin, Sarasohn, Cook, Baumgarten, Fisch & Baime, Roseland, N.J., for plaintiff.

Dennis O'Grady, Riker, Danzig, Scherer & Hyland, Morristown, N.J., and Clifford Thau, Glenn E. Siegel, Shea & Gould, New York City, for defendant.

## OPINION

WOLIN, District Judge.

This matter is the sequel to the Court's decision of June 12, 1989. On that date, the Court granted defendant Touche Ross & Co.'s ("Touche Ross") motion to withdraw the reference of this action from the bankruptcy court. The Court held that the claims of plaintiff Carmen J. Maggio, Trustee ("the Trustee") of Oliver's Stores, Inc. ("Oliver's") involve issues of law unrelated to the bankruptcy administration and hence, are noncore matters. Before the Court defendant moves to dismiss plaintiff's amended complaint for lack of subject matter jurisdiction, or, in the alternative, to have the Court abstain from hearing this matter pursuant to the mandatory or discretionary abstention provisions of 28 U.S.C. § 1334(c).[1] For the reasons that follow, the Court will grant defendant's motion and will exercise its discretion pursuant to 28 U.S.C. § 1334(c)(1) to abstain from hearing any further proceedings in this matter.

1. Section 1334(c) provides:
   (c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
   (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such pro-

## I. BACKGROUND

Oliver's retained Touche Ross as its independent accountant for the fiscal years ending June 30, 1984, 1985, and 1986. Defendant's responsibilities were to perform a yearly audit in accordance with generally accepted auditing standards and to issue a report after completion of the audit. The reports issued indicated that in defendant's opinion the financial statements fairly presented Oliver's financial condition and the results of its operations in conformity with generally accepted accounting principles.

Oliver's filed a voluntary petition for bankruptcy under Title 11 of the United States Code[2] and on a subsequent motion by the Creditors Committee Carmen J. Maggio was appointed Trustee of the bankrupt estate. The Trustee filed a complaint against the defendant, later amended to add The Inventory Company as a party defendant, which alleges in the first count that Touche Ross negligently misrepresented that (a) it conducted audits of Oliver's financial statements in accordance with generally accepted auditing standards, and that (b) Oliver's financial statements were fairly presented in conformity with generally accepted accounting principles.

In the second count of the complaint plaintiff asserts that Touche Ross made and breached express warranties with respect to Oliver's financial statements. The third count alleges that Touche Ross breached its contract to provide various accounting services to Oliver's. In the fourth and fifth counts, Plaintiff alleges

ceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

2. On June 13, 1988 this petition was converted from a Chapter 11 reorganization to a Chapter 7 liquidation by order of the Honorable William F. Tuohey, United States Bankruptcy Judge, District of New Jersey.

claims of negligence and breach of contract against The Inventory Company. The Trustee claims that as a result of defendant's negligence, breach of contract and warranty, the Debtor's estate was severely damaged and suffered large financial losses.

In lieu of answer to plaintiff's complaint, the defendant moved to withdraw the complaint from reference to the Bankruptcy Court. On June 12, 1989 the Court granted defendant's motion and by opinion delivered from the bench held that a determination concerning withdrawal of a reference depends significantly on whether the proceeding involved is deemed to be "core" or "non-core." The former proceedings are those considered integral to the administration of the bankrupt estate while the latter are claims arising under state law which in the absence of a bankruptcy petition could have been brought in state court. In the case at bar, the Court found that the Trustee's claims involve issues of law unrelated to the bankruptcy administration, and hence, are non-core proceedings.

Not content with one successful jurisdictional divestiture, Touche Ross now urges the Court to relieve itself of these proceedings under one of the following three theories: dismissal of the amended complaint for lack of subject matter jurisdiction; mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2); or discretionary abstention under 28 U.S.C. § 1334(c)(1).

In opposition, the plaintiff claims that the current proceedings are sufficiently related to the Title 11 case to be within the jurisdiction of the District Court and that abstention is inappropriate in the absence of pending state proceedings under the mandatory abstention provision of 28 U.S.C. § 1334(c)(2). It would be equally inappropriate, plaintiff maintains, for the Court to abstain under the discretionary provision of section 1334(c)(1) because the case at bar presents no questions of unsettled state law or of substantial public import.

The Court assumes without deciding that it has jurisdiction under section 1334(b) to hear this civil proceeding which is "related to" a case under Title 11, and therefore will address the question of abstention.

## II. DISCUSSION

In the wake of the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), Congress amended 28 U.S.C. § 1334 to correct what the Supreme Court perceived as an impermissible grant of jurisdiction to the bankruptcy judges. *See* Staff of Senate Comm. on the Judiciary, 98th Cong., 2d Sess., Report on H.R. 5174 (statement of Sen. Orrin G. Hatch, ranking majority member), *reprinted in* 1984 U.S.Code Cong. & Admin. News ("USCCAN") 576, 602. Cognizant of the potential difficulty of extending Article III jurisdiction to purely local causes, Congress provided for judicial abstention in all civil proceedings involving claims or causes derived from state law and incapable of Article III jurisdiction absent the Title 11 proceeding. *See* 28 U.S.C. § 1334(c)(2) (Supp. V 1987). The proceedings contemplated by Congress as falling within the ambit of abstention are those

> local in origin and aris[ing] completely independent of any Title 11 proceeding. Their only relation to the Title 11 proceeding is that the debtor, quite apart from the bankruptcy proceeding, may be a responsible party or an injured party according to state law. These adjudications then involve questions of state law and do not raise federal questions.

1984 U.S.Code Cong. & Admin.News at 603. Congress also provided for judicial abstention in civil proceedings when necessary "in the interests of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1) (Supp. V 1987).

Where a civil proceeding sounds in state law and bears limited connection to the debtor's bankruptcy case, abstention is particularly compelling. *In re Titan Energy, Inc.*, 837 F.2d 325 (8th Cir.1988). Abstention is even more compelling when the state law relevant to the proceedings is unsettled. *See, e.g., In the Matter of*

*Krupke,* 57 B.R. 523 (Bankr. W.D. Wis. 1986); *In re Landbank Equity Corp.,* 77 B.R. 44 (E.D.Va.1987).

In the case at bar plaintiff asserts three claims against Oliver's: negligent misrepresentation, breach of express warranty and breach of contract. Neither party disputes the state law nature of these claims. Rather, the dispute is focused upon whether the relevant state law is unsettled.

The legal questions crucial to a determination of plaintiff's claims include: whether Oliver's was justified in its reliance upon defendant; whether a plaintiff can represent that its financial statements are correct and then sue its accountant for misrepresentation; and whether an accountant's report is a warranty. In their briefs and at oral argument both parties identified *Rosenblum, Inc. v. Adler,* 93 N.J. 324, 461 A.2d 138 (1984), as the only New Jersey case related to accountant malpractice.[3] The plaintiff claims that *Rosenblum* provides sufficient "groundwork" for the Court to build upon, whereas defendant claims that although *Rosenblum* may provide some guidance on accountant malpractice, the case addressed third-party reliance upon accountant's reports and did *not* address reliance upon the accountant's reports by the party that created the financial statements.

A careful reading of *Rosenblum* indicates the accuracy of defendant's analysis. The Court agrees with defendant that *Rosenblum* addressed an area of accountancy inapposite to the case at bar and therefore provides insufficient guidance for the Court to determine the Trustee's claims.

To resolve novel claims such as plaintiff's, which have not been addressed by the state courts, would require the Court to predict how the state court might decide. The Court, as indicated to plaintiff at oral argument, is willing to predict state court decisions in areas of unsettled state law when the doctrine of *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), requires the Court to apply state law. *Commissioner of Internal Revenue v. Estate of Bosch,* 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967). But where diversity does not exist, and Congress has specifically provided for abstention, the Court is bound by principles of comity to allow the state courts to determine their own law. Moreover, to determine the plaintiff's claims in this case would involve the Court in precisely the type of issues the Supreme Court in *Northern Pipeline* deemed best left to state courts to resolve, that is, questions of breach of contract and warranty, as well as misrepresentation. *Northern,* 458 U.S. at 56, 102 S.Ct. at 2864.

Abstention is further appropriate where the action could not have been commenced in federal court absent bankruptcy jurisdiction and the issues can be timely adjudicated in state court.[4] *See In re Futura Indus., Inc.,* 69 B.R. 831 (Bankr.E.D.Pa. 1987). As indicated, no diversity jurisdiction exists between the Trustee and Touche Ross. Nor does the Trustee's claim raise any federal question entitling the parties to be heard by a federal court. Nothing in the record suggest this action could not be timely litigated in the New Jersey state courts. The parties have not identified any problems with the statute of limitations or

---

**3.** In support of its argument that relevant New Jersey law is not unsettled plaintiff also cited *Levine v. Wiss & Co.,* 97 N.J. 242, 478 A.2d 397 (1984). Plaintiff's reliance upon *Levine* is misplaced because in *Levine* the New Jersey Supreme Court merely held that accountants have no immunity from liability for their negligence.

**4.** That the "action would not have been commenced in a court of the United States absent jurisdiction under [§ 1334] ... and can be timely adjudicated, in a State forum of appropriate jurisdiction," are two elements of the mandatory abstention provisions of 28 U.S.C.

§ 1334(c)(2). The other four elements are: (1) the party files a timely motion; (2) the proceeding is based upon a state law claim or state law cause of action; 3) the proceeding commenced is related to a case under Title 11 but does not arise under or arise in a case under Title 11. Where most of the criteria for mandatory abstention have been met, "courts should give careful consideration to whether it would be appropriate to exercise their discretion to abstain under section 1334(c)(1). *In re Futura Indus., Inc.,* 69 B.R. 831, 834 (Bankr.E.D.Pa. 1987).

44

with service of process, and in addition, all case preparation to date is easily transferable to the state court.

In summary, when presented with state law claims of peripheral impact on a Title 11 case the resolution of which would require the Court to render a decision based on unsettled state law, and where, in the absence of bankruptcy jurisdiction, the plaintiff would not otherwise be in federal court, in the interests of comity and in the absence of injustice, the Court will abstain from hearing the proceedings pursuant to 28 U.S.C. § 1334(c)(1).

### III. CONCLUSION

For the reasons expressed herein, the Court will grant defendant's motion and will exercise its discretion pursuant to 28 U.S.C. § 1334(c)(1) to abstain from hearing any further proceedings in this matter. The Trustee's amended complaint is hereby dismissed without prejudice.

An appropriate order is attached.