In re Anne F. **MURRAY**, Debtor.

Robert W. **HELMER**, Plaintiff,

v.

Anne F. **MURRAY**, et al., Defendants.

No. 92–40518–T.

Adv. No. 92–4034.

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 5, 1993.

See also 147 B.R. 688.

Richard Wilson Hudgins, Newport News, VA, for plaintiff, Robert W. Helmer.

Samuel Miles Dumville, Hazel & Thomas, Richmond, VA, for defendant, Anne F. Murray.

James Stephen Buis, Richmond, VA, for defendants, David Andrew Winfield Wright, John A. Mauney, Hazel & Thomas, Vernon E. Inge, Sr., and J. Stephen Buis.

## MEMORANDUM OPINION AND ORDER

PAYNE, District Judge.

Robert W. Helmer ("Helmer") instituted this adversary proceeding by filing a Complaint to Determine Scheduled Property Not An Asset And To Determine Nature And Extent Of Liens (the "Complaint"). There are five defendants, including Anne F. Murray ("Mrs. Murray"), Hazel & Thomas, P.C. (the "Law Firm") and Vernon E. Inge, Sr. ("Inge"), a trustee under a deed of trust. Mrs. Murray, the Law Firm and Inge have moved to withdraw the reference of the adversary proceeding from the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"). For the reasons set forth below, that motion is granted.

### Statement of Facts

Mrs. Murray is the widow of David M. Murray, Sr. ("Mr. Murray"), who died on February 7, 1992. On March 9, 1992, Mrs. Murray filed a petition for reorganization under Chapter 11 of the Bankruptcy Code,

11 U.S.C. § 1101 *et seq.* She continues to manage her affairs as debtor in possession.

Mr. and Mrs. Murray, as husband and wife, are listed as the record owners of a beach house and certain real estate in Dare County, North Carolina, known as Parcel 18, Pelican Park subdivision (the "Property"). The Complaint initiating this adversary proceeding alleges that by deed dated March 1, 1978, Helmer and his former wife acquired the Property which, by deed dated May 17, 1991, the Helmers conveyed to Mr. Murray and Helmer. According to the Complaint the consideration for the conveyance to Mr. Murray and Helmer was an agreement that all existing liens would be satisfied, presumably by Mr. Murray, and the Property would remain free of encumbrances. However, it is alleged that Mr. Murray fraudulently inserted a different first page in the deed of trust, thereby conveying the Property to Mr. and Mrs. Murray rather than to Mr. Murray and Helmer.

Three days later, on May 20, 1991, the Murrays pledged the Property as security for a note in the amount of $38,000 payable to defendant David Winfield Wright. The security instrument was a deed of trust in which defendant, John A. Mauney, was named trustee. Mauney and Wright have filed motions to dismiss Helmer's Complaint but, notwithstanding that they were served with a Notice of this motion and an invitation to file responses to it under local Rule 109(7)(1) of the Bankruptcy Court, they have not filed pleadings or otherwise taken a position on the motion to withdraw reference filed by Mrs. Murray, the Law Firm and Inge.

After Mr. Murray died, and shortly before filing the petition for reorganization, Mrs. Murray conveyed the Property to Inge as security for her indebtedness to the Law Firm in the amount of $250,000 for legal fees incurred and to be incurred in connection with the Law Firm's representation of Mrs. Murray in the bankruptcy case. Subsequently, on April 16, 1992, Mrs. Murray asserted in the Bankruptcy Court a homestead exemption as to the Property.

Helmer contends that the conveyance to Mr. and Mrs. Murray was "an act of fraud" which must be declared null and void. Helmer also asserts that title to the Property must be "revested" in him because the Property is not an asset of the estate pursuant to 11 U.S.C. § 541. Helmer also asks that the subsequent deeds of trust to Mauney and Inge be declared null and void because "the Court is authorized to determine the nature and extent of liens under § 506 of the Bankruptcy Code."

### Discussion

Under 28 U.S.C. § 157(d), "[t]he district court may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court] under [§ 157], on its own motion or on timely motion of any party, for cause shown." Defendants contend that Helmer's adversary proceeding should be withdrawn because: (1) it is a "non-core" proceeding; and (2) the Bankruptcy Court cannot conduct a jury trial in a non-core, adversary proceeding.

### I. *The Adversary Proceeding Is Non-Core*

The district courts have original jurisdiction over all cases arising under Title 11. *See* 28 U.S.C. § 1334(a) & (b). District courts also have broad discretion to refer Title 11 cases to the bankruptcy courts, which are units of the district courts. 28 U.S.C. §§ 151, 157(a). By Order dated October 16, 1984, this court adopted an "Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* " which delegated authority to the bankruptcy court "to the fullest extent provided § 157(a)." *Chesapeake Crossing Associates v. TJX Companies, Inc.,* No. 2:92cv631, slip op. at 4 (E.D.Va. Oct. 9, 1992).

A bankruptcy "case" is an action instituted pursuant to Chapters 7, 9, 11, 12 or 13 of the Bankruptcy Code. A bankruptcy "proceeding" is a dispute which arises in the context of a bankruptcy case. The Bankruptcy Code vests in the bankruptcy courts authority to "hear and determine all cases under Title 11, and all core proceedings arising under Title 11, or arising in a case under Title 11 ... and [to]

enter appropriate orders and judgments...." 28 U.S.C. § 157(b)(1). Bankruptcy courts may also preside over non-core proceedings, *see* 28 U.S.C. § 157(c); however, a Bankruptcy Judge may not enter a final order or judgment in a non-core proceeding absent the consent of the parties. Instead, the Bankruptcy Judge must submit proposed findings of fact and conclusions of law to the district court, which then conducts a *de novo* review. 28 U.S.C. § 157(c)(1). *See also Levy v. Butler, Payne & Griffin (In re Landbank Equity Corp.)*, 77 B.R. 44, 46 (Bankr.E.D.Va.1987).

The parties to this adversary proceeding hotly dispute whether the adversary proceeding filed by Helmer is a "core" or a "non-core" proceeding. Defendants rely on the decisions *In re Landbank* and *National Enterprises, Inc. v. Koger Partnership, Ltd. (In re National Enterprises, Inc.)*, 128 B.R. 956 (Bankr.E.D.Va.1991), in support of their position that Helmer's adversary proceeding is non-core. Helmer has cited no authority to support his contention that his adversary proceeding is, in his words, "a very *hard core XXX* issue."

■ The term "core proceeding" is not explicitly defined in the Bankruptcy Code. Generally speaking, however, core proceedings are "those proceedings which would not exist in law absent the Bankruptcy Code." *In re Landbank*, 77 B.R. at 47 (citation omitted). A non-exclusive list of core proceedings is set forth in 28 U.S.C. § 157(b)(2). They include: "matters concerning the administration of the estate [*see* § (b)(2)(A)], allowance of claims against the estate [*see* § (b)(2)(B)], orders to turn over property of the estate [*see* § (b)(2)(E)], as well as proceedings to determine preferences [*see* § (b)(2)(F)], and to avoid fraudulent conveyances [*see* § (b)(2)(H)]." *In re National Enterprises, Inc.*, 128 B.R. at 959. In addition, 28 U.S.C. § 157(b)(2)(*O*) is a "catch-all" provision which encompasses "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship,...." *Id.* Helmer argues that this adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (H) & (*O*).

In *In re American Energy, Inc.*, 50 B.R. 175 (Bankr.D.N.D.1985) (cited with approval in *In re Landbank*, 77 B.R. at 47–48), the court explained:

Although Section 157(b)(2) was meant by Congress to be a non-exclusive list of what might be included in the term "core" proceedings, this court does not believe the sections or categories should be interpreted or expanded so as to in effect emasculate the jurisdiction proscriptions of the *Marathon* case [Northern Pipeline Const. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982)]. Clearly, subsections 157(b)(2)(A) and (O) should not be interpreted to include related non-core proceedings since 28 U.S.C. § 157(c)(1) specifically prevents a bankruptcy judge from rendering final judgments in such instances. *A common sense interpretation of the term "core" would dictate that it include only those proceedings which are specifically defined in subsection (b)(2)(B) through (N) or in the Bankruptcy Code.*

*Id.*, 50 B.R. at 178 (emphasis added).

■ The decisions *In re American Energy, Inc.* and *In re Landbank* are persuasive and the rationale for those decisions is dispositive of Helmer's contention that his adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (*O*). Accordingly, the court adopts the reasoning of those decisions on those issues and finds that 28 U.S.C. §§ 157(b)(2)(A) and (*O*) do not transform Helmer's adversary proceeding into a "core" proceeding.

Nor is this adversary proceeding a "core proceeding" under 28 U.S.C. § 157(b)(2)(H), which provides that "proceedings to determine, avoid, or recover fraudulent conveyances" are core proceedings. Helmer's adversary proceeding, which seeks to set aside an alleged fraudulent conveyance of the Property by Mr. Murray, superficially would seem to fall within the scope of § 157(b)(2)(H). However, the text of 11 U.S.C. § 548, which creates the core proceeding referred to in 28 U.S.C.

§ 157(b)(2)(H), undermines Helmer's position on this issue. By its terms, 11 U.S.C. § 548 vests a cause of action for the determination, avoidance or recovery of a fraudulent conveyance only in trustees or debtors-in-possession, not in third parties such as Helmer who assert state law fraud claims involving pre-petition transactions. Thus, neither 28 U.S.C. § 157(b)(2)(H) nor 11 U.S.C. § 548 support Helmer's position that this adversary proceeding is a "core" proceeding.

Furthermore, in *In re National Enterprises, Inc.*, the court defined core proceedings as "those traditionally within the realm of the bankruptcy court's equitable authority." 128 B.R. at 958. Although the exact nature of Helmer's adversary proceeding is unclear, it appears to the court that he asserts a garden variety state law fraud claim which does not fall traditionally within the ambit of the Bankruptcy Court's equitable authority.

More importantly, neither of the Bankruptcy Code sections referred to in the Complaint provide for the type of relief sought by Mr. Helmer. 11 U.S.C. § 541 merely defines the types of property interests that are property of the estate. Nothing in that section authorizes a revesting of title to the Property in Helmer. Nor does 11 U.S.C. § 506 provide a vehicle for setting aside the challenged conveyance and vesting title in Helmer. Section 506 merely defines whether a claim secured by property of the estate is a fully secured claim, a partially secured claim or an unsecured claim for purposes of the debtor's bankruptcy case.

For the foregoing reasons, the court finds that Helmer's adversary proceeding is a non-core proceeding.

## II. *The Bankruptcy Court Cannot Conduct A Jury Trial of the Adversary Proceeding*

 Defendants assert that they are entitled to a jury trial in the adversary proceeding, and Helmer does not challenge this assertion. Defendants argue that the Bankruptcy Court lacks jurisdiction to conduct a jury trial in a non-core proceeding.

They then contend that this is another reason supporting withdrawal of the reference.

All but one of the United States Courts of Appeals that have addressed the issue have held that bankruptcy courts cannot conduct jury trials. *See Matter of Grabill*, 967 F.2d 1152 (7th Cir.1992); *Rafoth v. National Union Fire Insur. Co.*, (*In re Baker & Getty Financial Services, Inc.*), 954 F.2d 1169, 1173 (6th Cir.1992); *Beard v. Braunstein*, 914 F.2d 434, 443 (3d Cir. 1990); *Kaiser Steel Corp. v. Frates*, 911 F.2d 380 (10th Cir.1990); *In re United Missouri Bank of Kansas City, N.A.*, 901 F.2d 1449, 1457 (8th Cir.1990). *See also Taxel v. Electronic Sports Research* (*In re Cinematronics, Inc.*), 916 F.2d 1444, 1451 (9th Cir.1990) (holding that bankruptcy courts may not conduct jury trials in non-core proceedings where the parties do not consent to entry of final judgment by bankruptcy court). The United States Court of Appeals for the Second Circuit, in *Ben Cooper, Inc. v. Insurance Company of State of Pennsylvania*, 896 F.2d 1394, 1402 (2d Cir.1990), held that bankruptcy courts may conduct jury trials in *core* proceedings, but, with respect to non-core proceedings, the court observed that "the Seventh Amendment may well render unconstitutional jury trials in non-consensual non-core proceedings, because of the requirement that findings of fact by the bankruptcy court be reviewed de novo by the district court." *Id.* at 1403.

The decisions addressing the issue of jury trials in non-consensual non-core proceedings establish that there is a conflict between the Seventh Amendment right to a jury trial and 28 U.S.C. § 157(c)(1) if it is interpreted to authorize a bankruptcy court to conduct a jury trial in a non-core proceeding. This is because 28 U.S.C. § 157(c)(1) requires de novo review by the district court of the factual findings made by the Bankruptcy Court in non-core proceedings, while the Seventh Amendment does not permit de novo review of facts found by a jury. This conflict has been held to create an untenable "Catch–22:"

If the district courts refused to review bankruptcy court jury verdicts on non-core matters with the de novo review standard, they would be acting contrary to express statutory mandate ... Yet, if they reviewed the bankruptcy court verdicts de novo they would be at odds with the Seventh Amendment.

*Cinematronics,* 916 F.2d at 1451. The avoidance of a conflict between the statute and the Seventh Amendment was considered a reason sufficient to warrant withdrawal of the reference in *Cinematronics. Id.*

Without addressing whether bankruptcy courts lack jurisdiction to conduct jury trials in core proceedings, the court in *In re National Enterprises,* concluded that "bankruptcy courts may not conduct jury trials on non-core issues absent the consent of the parties." 128 B.R. at 963. As a result, the court held that "withdrawal of the reference to bankruptcy court is the appropriate means of according [the defendant] its right to a jury trial." *Id.* Similarly, in *In re Landbank,* the court withdrew the reference of a non-core proceeding because it would "conserve the debtor's and creditor's resources, especially in light of the defendants' desire to have this matter tried before a jury." 77 B.R. at 49. *See also Hatzel & Buehler, Inc. v. Orange & Rockland Utilities, Inc.,* 107 B.R. 34, 40 (D.Del.1989) ("considerations of judicial economy favor the permissive withdrawal of the [non-core] proceedings").

Mrs. Murray, the Law Firm and Inge have demanded a jury trial and have declined to consent to the entry of a final order or judgment by the Bankruptcy Court in this non-core proceeding. Here, as in *Cinematronics* and *In re National Enterprises, Inc.,* that situation presents yet another reason to withdraw the reference of this adversary proceeding. Considerations of judicial economy and conservation of resources also support withdrawal of the reference here.

## CONCLUSION

For the reasons set forth above, the Motion For Withdrawal of Reference is GRANTED.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel for all parties.

It is so ORDERED.